Mr. Justice DAVIS
 

 delivered the opinion of the court.
 

 This case resolves itself into two points:
 

 First. Were Yeager
 
 &
 
 Co. indorsers of the note in controversy.
 

 Secondly. If so, were Farwell & Co. relieved from the necessity of proving on the trial that they demanded payment of the maker, and gave notice to the indorsers of the dishonor of the note.
 

 It is very clear that Yeager & Co. were liable as indorsers, if they placed their names on the back of the note in question before Farwell & Co. closed the negotiations for the loan to Kerokhoff, or made any advances on it to him. And the condition of the parties is not altered by the fact that Yeager & Co., without consideration, indorsed the note at the request of Farwell & Co. after negotiations concerning the loan had been some time in progress, and when they had a right to suppose Farwell & Co. were satisfied with the landed security which Kerokhoff offered. It may be true that Farwell & Co. originally intended to let the money go on the security of the trust deed, but they were not legally bound to do so, and could alter their minds on the subject, and forbear to loan the money unless Yeager & Co. (who were the middlemen in the negotiation) should also indorse the note. If they chose to do this before the transaction
 
 *12
 
 was completed or any portion of the money loaned was actually advanced to Kerckhoff, then their liability as indorsers is fixed, and so the learned court told the jury. Whether the indorsement was before or after the conclusion of the negotiations for the loan, or before or after the advancements to Kerckhoff, were questions of fact for the determination of the jury. As there was evidence tending strongly to support the finding of the jury on this point, and as they were coi'rectly instructed in relation to it, the plaintiff in error cannot justly complain of the action of the jury.
 

 . The undertaking, however, of the indorser of a negotiable note is only to pay it in case the maker does not, and he is immediately notified of this default. The remaining defence set up in this action is, that this was not done, and, therefore, the indorsers were not chargeable. But the indorser can, by his own conduct, place himself in such a position that he is estopped from alleging want of demand and notice of non-payment. Although, accurately speaking, there can only be a waiver of demand and notice by the indorser before the note is due, yet, after it is due, he can waive proof of them; or, what is more to the purpose, he can so act towards the holder of the note as to render the fact that demand was not made or notice given wholly immaterial.
 
 *
 
 The inquiry is, whether Yeager & Co. have, by their course of action, put themselves in this category. The court below held that they had, and, as the evidence on the subject was undisputed, took it from the jury and decided it as a question of law.
 

 The letter of Yeager & Co., which constituted this evidence, substantially informed the Farwells that Kerckhoff was unable to pay his note, but would be able to do so in a week or ten days at farthest. After expressing the annoyance felt by the writers, on account of the dishonor of the paper, it concludes in these words: “But we hold ourselves responsible for the payment of the note, and shall see it is done at an early day.”
 

 
 *13
 
 Necessarily, this letter could not have reached its destination in due course of mail until after the note was due; but, for the purpose of holding the indorser, this is immaterial, for, as we have seen, he can dispense with the conditions for his benefit as well after as before the paper matures. It has been held by this court, in
 
 Sigerson
 
 v.
 
 Mathews,
 

 *
 

 that if the indorser, with full knowledge of the fact that no demand has been made or notice given, makes a subsequent promise, he is liable, and cannot, when sued, set up as a defence the want of such demand and notice: and to the same effect are the decisions of the courts in this country generally.
 
 †
 
 Applying the principle of these decisions to the admitted facts of this case there is no difficulty in charging the indorsers. Their promise to pay was expressly made after they knew of the laches of the maker of the note, and they cannot now be allowed to repudiate it.
 

 The most formal demand and notice could have been of no service to them, for they knew the demand would be useless, and the notice could only tell them what they were advised of without it. Acting under the weight of the knowledge of Eerckhoff’s default, they did not choose to wait in order to see whether Farwell & Co. had taken the requisite steps to charge them, but preferred at once to acknowledge their liability, and, accordingly, made the direct promise to pay the note. Under these circumstances this promise is binding, arid does not require for its enforcement the proof of demand and notice.
 

 Judgment affirmed.
 

 *
 

 1 Parsons on Bills and Notes, chapter 13, p. 594.
 

 *
 

 20 Howard, 496.
 

 †
 

 See 1 Parsons on Bills and Notes, p. 595, note m.