310 So.2d 547 (1975)
STATE of Louisiana
v.
Rufus DARBY.
No. 55615.
Supreme Court of Louisiana.
March 31, 1975.
Rehearing Denied April 25, 1975.
*548 J. Isaac Funderburk, Abbeville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Byron P. Legendre, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Defendant Rufus Darby was charged by bill of information with distribution of heroin in violation of La.R.S. 40:966. He was tried and convicted by a jury and later sentenced to serve twelve (12) years at hard labor. On appeal to this court, defendant relies upon two bills of exceptions to obtain a reversal of his conviction and sentence.[1]

BILL OF EXCEPTIONS NO. 1
This bill was reserved in exception to the ruling of the trial judge refusing to grant defendant's motion for a severance of his trial from that of his co-defendant. The two defendants were charged by separate bills of information with the same crime, arising from the same transaction. By joint motion, the two attorneys representing the defendants sought a consolidated trial "... on the ground that the various offenses could have been joined in a single indictment." The trial judge granted the motion and ordered that the charges be consolidated for trial. Later, counsel for Darby's co-defendant[2] filed three separate motions seeking a severance of the charges on several grounds: disagreement between counsel about appropriate trial strategy, the inference of guilt by association applicable against one co-defendant because of evidence presented against the other, and the potential violation of the right of the accused to confront his accusers by the use of inculpatory statements given by one co-defendant implicating the other.[3] Counsel for defendant Darby orally joined in the motions.
The trial judge correctly refused to grant the motions for severance. Article 706 of the Code of Criminal Procedure provides:
Upon motion of a defendant, or of all defendants if there are more than one, the court may order two or more indictments consolidated for trial if the offenses and the defendants, if there are more than one, could have been joined in a single indictment. The procedure thereafter shall be the same as if the prosecution were under a single indictment.

(Emphasis added.) As used in the Code, the term "indictment" includes a bill of information. La.Code Crim.P. art. 934(6) (1966). Thus, under article 706, the effect of the consolidation, which the defendants sought by their own motion, was to place all subsequent proceedings under the procedure to be followed where the prosecution is under a single joint charge. Accordingly, article 704 of the Code of Criminal Procedure dictates the appropriate procedure *549 to be followed here. That article provides:
Jointly indicted defendants shall be tried jointly unless:
(1) The state elects to try them separately; or
(2) The court, on motion of the defendant, and after contradictory hearing with the district attorney, is satisfied that justice requires a severance.

(Emphasis added.) Thus, defendant must demonstrate that, in his case, justice required a severance of his charge from that of his co-defendant.
Examining the stated grounds for a severance in this context, we do not find that justice required a severance in this case. First, beyond the allegations that counsel for the two defendants were unable to agree upon the appropriate trial strategy, defendant presented no evidence at the contradictory hearing on the motion substantiating the nature of the disagreement or indicating that any prejudice would result to his client as a result thereof. Second, defendant presented no evidence that consolidation of the charges for trial would cause him prejudice because of the inference of guilt by his association with his co-defendant. Furthermore, the evidence reveals that defendant was an active participant in the commission of the crime. Finally, our examination of the record indicates that no inculpatory statements were offered or received into evidence for use against defendant. Thus, he has no standing to complain of a violation of his sixth amendment right to confront his accusers. Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 476 (1968). In sum, defendant made no showing that "justice require[d] a severance." Accordingly, we find this bill of exceptions to be without merit.

BILL OF EXCEPTIONS NO. 2
This bill of exceptions was reserved to the ruling of the trial judge refusing to permit a line of questioning of the state's chief prosecuting witness. The objection to the ruling is twofold: first, that defendant should have been allowed to question the witness about his racial bias against defendant, who is black; second, that defendant should have been allowed to question the witness concerning the identity and location of a witness he claims was material to his defense.
La.R.S. 15:492 provides:
When the purpose is to show that in the special case on trial the witness is biased, has an interest, or has been corrupted, it is competent to question him as to any particular fact showing or tending to show such bias, interest or corruption, and unless he distinctly admit (sic) such fact, any other witness may be examined to establish the same.
The jurisprudence in Louisiana supports the interpretation given to the statute by the trial judge, requiring that the bias that the witness is alleged to bear against the defendant be personal rather than general in nature. E. g., State v. Pascal, 147 La. 634, 85 So. 621 (1920) (evidence of prosecuting witness' general bias against union members who were striking held inadmissible to impeach his testimony against union member on trial for strike-related murder); cf. C. McCormick, Handbook on the Law of Evidence § 40 (1954). Hence, the ruling of the trial judge excluding the questioning proposed by defense counsel was proper, and there is no merit to this ground of objection.
Defendant also claims as a ground for objection that the state, in failing to provide him with the name and address of an individual known to him only as "Pee Wee," alleged to have been at the scene of the distribution of heroin with which defendant is charged, withheld favorable information. Thus, he alleges that the state, in withholding information favorable to his defense, denied him a fair trial as guaranteed by the due process clause of the fourteenth amendment to the United States Constitution. See Brady v. Maryland, *550 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).
This claim is untenable. In the transcript of testimony attached to this bill of exceptions, the prosecuting witness revealed the full name of "Pee Wee." However, upon learning the true identity of "Pee Wee," defendant requested neither a recess nor the issuance of subpoena to locate the missing witness. Thus, he in no way indicated that the testimony of that witness was materially favorable to his case or that his failure to testify would seriously prejudice defendant. Absent a showing that the state had reason to know the location of the witness and that his appearance would materially aid the defense, there is no merit to defendant's claim that he was denied a fair trial by reason of the state's withholding of information favorable to his defense. Accordingly, this bill of exceptions is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] We note also that defendant reserved and perfected two other bills of exceptions. However, they were neither briefed nor argued and are therefore considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (1972).
[2] See, State v. Martin, 310 So.2d 544 (this docket).
[3] U.S.Const. amend. 6; Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed. 476 (1968).