340 So.2d 1306 (1976)
STATE of Louisiana, Appellee,
v.
Melvin L. BROWN, Appellant.
No. 57704.
Supreme Court of Louisiana.
December 13, 1976.
*1307 Ralph R. Miller, Norco, Charles C. Wilson, Hahnville, St. Charles Indigent Defender Program, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John M. Mamoulides, Dist. Atty., Parish of Jefferson, Melvin P. Barre, Dist. Atty., 29th JDC, Abbott J. Reeves, Director, Research and Appeals Division, Parish of Jefferson, Metairie, Lindsay A. Larson, Sp. Counsel, Parish of Jefferson, for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of the second-degree murder of his wife, La.R.S. 14:30.1 (1973), and sentenced to life imprisonment. Upon his appeal, the defendant relies upon eleven assignments of error. For reasons to be assigned, we affirm.
The context facts show:
The defendant was separated from his wife. On the day of her death, earlier in the afternoon he had persuaded her to return to the residence. The police were called afterwards; Mrs. Brown then informed them she desired to return to her mother's house, where she had been residing since the separation.
Later that day, the defendant's wife and her mother left the latter's home to go shopping. When they stopped at a friend's house, the defendant (who had apparently followed them in his vehicle) ran into the mother, then alighted and grabbed and bit her, and then took his wife into his own vehicle and returned to his own home with her.
The police went to the defendant's home. They found the wife shot dead, with the husband beside her still conscious. The defendant told the officers that he had also shot himself, in attempted suicide.
*1308 Assignments 1, 2, 5, 7
The principal assignments of error relate to the alleged improper reference in the opening statement of the prosecutor (Assignments 1 and 2) and in objected-to state evidence (Assignments 5 and 7) to the beating of the mother immediately preceding the kidnapping of the wife, and to the attempted suicide of the husband. The defendant contends that these involve prohibited references to unrelated other crimes, La.C.Cr.P. art. 770(2), introduced without the pre-trial notice and showing of validity to prove knowledge, intent, or system, La. R.S. 15:445, 446, as required by State v. Prieur, 277 So.2d 126 (La.1973).
However, the beating-kidnapping and the suicide all occurred shortly before (within an hour) or after the murder of the wife. They were independently admissible as part of the res gestae relevant to proof of the murder. See La.R.S. 15:448: "To constitute res gestae the circumstances and declarations must be necessary incidents of the criminal act, or immediate concomitants of it, or form in conjunction with it one continuous transaction."
Because evidence as to these other incidents was admissible as res gestae, the prosecutor could properly refer to them in his opening statement; for the prohibition is only to reference to other crimes committed by the accused "as to which evidence is not admissible," La.C.Cr.P. art. 770(2).
Likewise, the Prieur notice is required only as to offenses sought to be introduced to prove knowledge, intent, or system under La.R.S. 15:445, 446. It is not required as a pre-requisite to evidence of other offenses independently admissible upon another basis, such as res gestae, see State v. Prieur, at 277 So.2d 130: "No such notice is required as to evidence of offenses which are a part of the res gestae, or convictions used to impeach defendant's testimony." See also: State v. Mays, 315 So.2d 766 (La.1975); State v. Davis, 311 So.2d 860 (La.1975).
Assignment 3
The defendant took his wife from her mother's automobile and brought her back home. When the police arrived shortly afterwards, they found the door open and they walked in. They saw the defendant's wife dead on the floor and the defendant himself lying beside her, both shot and bleeding.
This assignment is based on the contention that the police officers did not first give him the Miranda warnings before asking the husband what had happened. Therefore, it is argued, the statement he made at that time (that he had shot his wife and tried to kill himself) was inadmissible.
However, Miranda warnings are not essential pre-requisites to non-custodial general on-the-scene interrogation to determine facts relating to whether a crime has been committed or by whom, at least absent a showing that the questioning is past such investigatory stage. State v. Anderson, 332 So.2d 452 (La.1976); State v. Ned, 326 So.2d 477 (La.1976); State v. Roach, 322 So.2d 222 (La.1975). We do not find merit in this contention.
Other Assignments
The other assignments do not present arguable merit:
Assignment 4: We do not find the trial judge's explanation to be an improper comment on the evidence; in any event, no objection was made to it at the time, and the defendant cannot now complain of it. La.C.Cr.P. art. 841.
Assignment 6: We find no objection to the trial court's overruling an objection to questions of a witness attempting to lay part of the foundation for introduction of a photograph of a vehicle. No prejudice is shown by the questioning, which resulted in the witness's identification of a car as appearing to be the defendant's.
Assignment 8: The trial court did not err in sustaining a state objection to defense cross-examination of a state witness as to the names of the men the witness *1309 was going out with. (The witness replied, before the objection, "That's my personal business, I think.") No reason was offered to show the relevancy of the question to any issue in the case or to any alleged bias or interest of the witness. Questions on personal views or acts of a witness have been considered improper impeachment, when concerning matters too irrelevant to or too remote from the issues of the case at trial. State v. Johnson, 322 So.2d 119 (La. 1975); State v. Darby, 310 So.2d 547 (La. 1975). See also State v. Robinson, 337 So.2d 1168 (La.1976).
Assignment 9: This assignment arose in connection with the state's interrogation of its police witness who photographed a vehicle parked in front of the accused's home after the homicide. The witness had earlier indicated that the vehicle belonged to the accused, but the answer was stricken as non-responsive. He then replied "Yes" to a question as to whether he knew the owner of the vehicle. The next question was: "If you had such information, who did you receive it from?" The objection to this question was that it called for hearsay.
The objection to the question was properly overruled. As the answer indicates (The witness stated he had received such information as to ownership of the vehicle "from my radio room at the time"), the purpose of the question was to determine the source of (whatever) information the witness knew of the vehicle's ownership, not to ascertain the content of any hearsay declaration so learned.
Assignment 10: The motion for a directed verdict was properly overruled. There was substantial evidence from which the jury could find that the defendant had the requisite specific intent to commit the crime charged.
Assignment 11: The trial court refused to give a special charge as to self-defense requested by the defendant. Under La.C. Cr.P. art. 807, the trial court need not give special charges if they are not pertinent to the issues of the case.
We find no error in the trial court's conclusion that the evidence did not arguably give rise to any plea of self-defense. In fact, the defendant's argument to the jury (no evidence was introduced on his behalf) was essentially that there was reasonable doubt because a third person might have shot both the defendant husband and the victim wife, Tr. 357-58; not that the defendant might have shot his wife in self-defense.

Decree
Finding no merit in the assignments of error, we affirm the conviction and sentence.
AFFIRMED.