428 So.2d 438 (1983)
STATE of Louisiana
v.
Joseph BROWN, Jr.
No. 82-KA-0382.
Supreme Court of Louisiana.
February 23, 1983.
*439 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., John Craft, Michael Simpson, David Plavnicky, Asst. Dist. Attys., for plaintiff-appellee.
Luz Molina, Supervising Atty., New Orleans, James Welch, Student Practitioner, for defendant-appellant.
DIXON, Chief Justice.
The defendant, Joseph Brown, Jr., was charged by bill of information with being a convicted felon in possession of a firearm, in violation of R.S. 14:95.1.[1] Defendant *440 was convicted by eleven members of a twelve person jury on June 10, 1981 and sentenced to serve five years at hard labor with credit for time served. Defendant now appeals his conviction, arguing two of eleven assignments of error.
On October 16, 1980 two New Orleans police officers responded to a reported shooting incident in the 2100 block of Pauger Street. The shooting victims were taken to Charity Hospital. A few questions led the police to a nearby apartment where defendant was arrested. The apartment was secured by the police while another officer sought and obtained a search warrant. The apartment was searched and yielded a .38 caliber revolver, seven coin envelopes containing marijuana, and an insurance notice mailed to defendant at the apartment's address.[2]
The shooting was the result of an argument between the defendant and Ronald Holmes, another resident of the apartment complex. Both the defendant and Holmes were confined to wheelchairs at the time of this incident. During the course of the argument, defendant's mother came outside and stood between defendant and Holmes. According to Holmes, when his mother stepped aside, defendant was holding a gun and opened fire, injuring Holmes, his wife, a small child and her mother. Defendant did not testify, but his mother denied defendant shot anyone or possessed a gun, contending the shots came from above and to the right of the defendant.
The state chose not to rely solely on the return on the search warrant listing the gun found in the defendant's apartment,[3] though the return was introduced into evidence. Rather, most of the evidence put on by the state concerned the facts surrounding the shooting, and the defendant's possession of the gun at that time. In his opening statement, the assistant district attorney told the jury that all the state had to prove was that the defendant was a convicted felon and had in his possession a firearm. He then continued:
"That's where our burden of proof stops. But we're going to show you something more, ladies and gentlemen. We're going to show you that not only on October 16, 1980, at 2108 Pauger Street, at around eight o'clock in the evening, did Joseph Brown possess a firearm, but that he used it, and that he hurt several people doing it."
The prosecutor also referred to Ronald Holmes as the "victim of this case" and told *441 the jury that he had been shot three times and was bleeding profusely when the police arrived.
Upon completion of the state's opening statement, defense counsel reserved his objection and requested a mistrial at a bench conference. Out of the presence of the jury, defendant argued that the prosecutor's reference to other crimes of the defendant, that is, the battery of Ronald Holmes which was a separate case, prejudiced the jury to the extent that defendant could no longer obtain a fair trial. The motion for a mistrial was denied.
As the trial continued, defendant objected when details of the shooting were offered by witnesses. The objections were overruled by the judge who stated that the events were part of the res gestae.
At the close of the state's case, the return on the search warrant was admitted over defendant's objection. Neither the basis of the objection nor the judge's reasons for allowing the return into evidence is included in the record.
On appeal defendant argues that the motion for a mistrial should have been granted because of the mention by the prosecutor in his opening statement of other crimes of the defendant for which he was not on trial and which was prejudicial. Defendant also argues that the introduction of the return on the search warrant mandates a mistrial because the return referred to the marijuana found in the defendant's apartment and this is inadmissible evidence of other crimes.
The state argues that the evidence relating to the circumstances of the shooting is admissible as part of the res gestae, and that the inclusion of the marijuana on the search warrant return was harmless error.
In the opening statement, the state should explain the nature of the charge and set forth, in general terms, the nature of the evidence by which the state expects to prove the charge. C.Cr.P. 766. Where proof of the crimes is permitted, they are properly referred to in the opening statement. State v. Brown, 340 So.2d 1306 (La.1976). The general rule as to evidence of other crimes is that the prosecution may not introduce such evidence unless the evidence is substantially relevant for some purpose other than to show that the accused is a bad man and thus more likely to have committed the crime. State v. Haarala, 398 So.2d 1093 (La.1981). However, the reasons for this rule[4] do not prohibit the state from introducing into evidence criminal acts which are part of the res gestae, which are always admissible. R.S. 15:447.
C.Cr.P. 770 provides in part:
"Upon motion of a defendant, a mistrial shall ber ordered when a remark or comment, made within the hearing of the jury by the ... district attorney ... refers directly or indirectly to:
. . . . .
(2) Another crime committed or alleged to have been committed by the defendant as to which evidence is not admissible;
..."
In this case the circumstances under which the defendant used the gun, including the events leading up to the procurement and execution of the search warrant, are clearly part of the res gestae, as they form, in conjunction with the possession of the gun, one continuous transaction. R.S. *442 15:448. Since evidence of this crime was permissible as part of the res gestae, the prosecutor's reference to the crime in his opening statement was also permissible. State v. Brown, supra.
This court reached a similar conclusion in State v. Belgard, 410 So.2d 720 (La.1982). There the prosecutor made reference in his opening statement to the defendant pointing a gun at a person trying to prevent the defendant from leaving the scene of his crime. Counsel objected because the state had not provided notice that it would introduce evidence relating to this unindicted crime of aggravated assault and, therefore, under State v. Prieur, 277 So.2d 126 (La. 1973), such evidence was inadmissible. This court held that Prieur does not require notice to defendant of crimes which fall within the res gestae exception, and that the objection was properly overruled and the motion for mistrial under C.Cr.P. 770 was properly denied.
Defendant further argues that the comments so prejudiced the jury that a mistrial should have been granted since the other crimes evidence denied the defendant his right to a fair trial. The defense argues that a balancing of the probative value and the prejudicial effect is required.
This court has held that evidence of other crimes included in the res gestae is admissible without balancing its probative value against the prejudicial effect. State v. Stucke, 419 So.2d 939 (La.1982); State v. Williams, 375 So.2d 364 (La.1979); State v. Wilson, 363 So.2d 481 (La.1978). The state is permitted to present to the jury the criminal act charged in its entirety. To hold otherwise would require that the state present only a part of the sequence of events which formed the criminal transaction. State v. Clift, 339 So.2d 755 (La.1976). The court, therefore, need not balance the probative value of other crimes evidence included in the res gestae against the prejudicial effect to the defendant of having such other crimes evidence admitted. A balancing is required when other crimes evidence is admissible under an exception other than res gestae, such as for the purpose of showing knowledge, system or intent. State v. Moore, 278 So.2d 781 (La. 1973).[5]
However, all evidence, regardless of the rule under which it is admitted, is subject to constitutional guarantees of due process and a fair trial before an impartial jury. State v. Prieur, supra. The right to a fair trial requires that even though evidence may be deemed relevant because it has probative value, counterbalancing factors may exist which lead a court to exclude this otherwise relevant evidence if the probative value is outweighed. Among the factors to be considered are: the danger that the evidence may unduly arouse the jury's emotions of prejudice, hostility or sympathy; the probability that the evidence may create a collateral issue which will unduly distract the jury from the main issue; delay in the trial; and the danger of unfair surprise. State v. Franklin, 353 So.2d 1315 (La.1978).
Defendant contends that the remarks of the prosecutor would not have been admissible under this rule and therefore a mistrial under C.Cr.P. 770 is required. The defendant misinterprets the article. The inquiry is whether evidence of the other crime is admissible; if so, then remarks or comments about the other crime are proper in the opening statement. The inquiry is not whether the remark or comment is itself admissible. See State v. Fallon, 290 So.2d 273 (La.1974).
Defendant argues that the prosecutor's remarks about the use of the gun to injure several people, including the statement that Holmes, the victim of the crime, was bleeding profusely when police arrived, were designed to arouse the jury, and that the remarks had the effect of confusing the jury about the crime for which defendant was on trial.
*443 The trial judge has wide discretion in controlling the scope and extent of the opening statement. State v. McClinton, 399 So.2d 178 (La.1981); State v. Nettleton, 367 So.2d 755 (La.1979); State v. Kinchen, 342 So.2d 174 (La.1977). Our review of the prosecutor's opening statement shows that while the statement may have gone beyond what was necessary, no substantial rights of the defendant were plainly violated nor was the crime for which the defendant was on trial obscured by the remarks in the opening statement. There was no abuse of discretion by the trial judge meriting reversal of defendant's conviction because of the prosecutor's opening statement.
Counsel's second contention is that the trial court erred in admitting, over defendant's objection, the return on the search warrant. Counsel contends that the return lists the marijuana found in the apartment at the time of the search, and that as such is evidence of other crimes which is inadmissible. Defendant seeks a mistrial under C.Cr.P. 770(2).
The state argues that the admission of the return of the warrant containing the reference to marijuana was harmless error since the defendant, by the bill of information and stipulation of counsel, was already presented to the jury as a convicted felon. The state also argues that the jury had already heard the details of the shooting which led the police to arrest the defendant, and that the inclusion of the marijuana would not, under the circumstances of this case, incite the jury to convict based on the other crimes evidence.
There is scarcely room for a harmless error argument with regard to other crimes evidence. The basis for the rule, and the mandatory provision of C.Cr.P. 770(2), is that the effect on a jury of inadmissible other crimes evidence cannot be determined, and that such evidence is per se prejudicial and a substantial violation of a statutory right. State v. Green, 315 So.2d 763 (La.1975). C.Cr.P. 921.
The defendant is not entitled to a mistrial under the circumstances of this case. At the close of the state's case, the exhibits were offered into evidence:
"BY THE STATE:
Secondly, your honor, the State would offer ... State's Exhibit 2. I offer only the search warrant itself and the return on the search warrant.
BY THE COURT:
All right, sir. Any objection?
BY THE DEFENSE [Mr. Scaccia]:
No objection to that.
BY THE COURT:
All right, I'll allow S-2 to be introduced.
BY THE DEFENSE:
Could I see the return for a second? I'm going to object to the return.
BY THE COURT:
May I see it? I'll withhold my ruling on that, Mr. Scaccia."
The remaining exhibits were introduced. The judge took a recess to consider the objection to the return, and then announced his decision to allow the return into evidence without stating the basis for his decision.
We can only assume that the basis of the objection to the admission of the return on the search warrant was that it listed not only a gun and an insurance notice in the name of Joseph Brown, but also marijuana, as having been seized from the apartment occupied by defendant and his mother and father. Defense counsel gave no reason for his objection, and the judge gave no reason for overruling it. Marijuana is not mentioned in the transcript of the entire trial.
C.Cr.P. 770 does not govern this issue. This is not a remark or comment by a court official referring to another crime committed by defendant. When such a remark is made, it cannot be recalled. Here, however, if the reference to the marijuana were, indeed, a reference to another crime by defendant "as to which evidence is not admissible" (C.Cr.P. 770(2)), it could have been excised or deleted (See State v. Jenkins, 340 So.2d 157, 170 (La.1976)) without excluding the entire relevant document.
The contemporaneous objection article (C.Cr.P. 841) not only requires an objection *444 to the admission of evidence, but also "the grounds therefor," to permit the trial judge to take the appropriate action in each case. Here, if it had been requested, evidence harmful to defendant and unnecessary to the state's case could have been excised, and the relevant evidence admitted.
For these reasons, the conviction and sentence of defendant are affirmed.
LEMMON, J., concurs.
NOTES
[1] R.S. 14:95.1 provides:

"A. It is unlawful for any person who has been convicted of first or second degree murder, manslaughter, aggravated battery, aggravated or simple rape, aggravated kidnapping, aggravated arson, aggravated or simple burglary, armed or simple robbery, burglary of a pharmacy, burglary of an inhabited dwelling, or any violation of the Uniform Controlled Dangerous Substances Law which is a felony or any crime defined as an attempt to commit one of the above enumerated offenses under the laws of this state, or who has been convicted under the laws of any other state or of the United States or of any foreign government or country of a crime which if committed in this state, would be one of the above enumerated crimes, to possess a firearm or carry a concealed weapon.
B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.
C. Except as otherwise specifically provided, this Section shall not apply to the following cases:
(1) The provisions of this Section prohibiting the possession of firearms and carrying concealed weapons by persons who have been convicted of certain felonies shall not apply to any person who has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
(2) Upon completion of sentence, probation, parole, or suspension of sentence the convicted felon shall have the right to apply to the sheriff of the parish in which he resides, or in the case of Orleans Parish the superintendent of police, for a permit to possess firearms. The felon shall be entitled to possess the firearm upon the issuing of the permit.
(3) The sheriff or superintendent of police, as the case may be, shall immediately notify the Department of Public Safety, in writing, of the issuance of each permit granted under this Section."
[2] Neither the search warrant nor the return on the search warrant is included in the record. However, the items retrieved from the apartment are not in dispute and were listed in briefs of both the state and the defendant.
[3] There were three persons living in the apartment at the timethe defendant, his mother and father.
[4] Among the reasons often stated for the prohibition against introducing evidence of other crimes are: the belief that the jury will place too great a weight on this sort of character evidence and will be likely to convict a defendant simply because he is a bad man; the defendant may be unprepared to defend such attacks on his character; and because the jury may become confused by proof of collateral issues. See State v. Haarala, 398 So.2d 1093, 1097 (La.1981); State v. Prieur, 277 So.2d 126 (La.1973); Comment, Other Crimes Evidence in Louisiana, 33 La.L.Rev. 614 (1973). Where evidence of other crimes is admissible for the purpose of showing intent, R.S. 15:445, or knowledge, R.S. 15:446, the state is required, upon motion of the defendant, to inform defendant of its intent to offer evidence of other crimes. C.Cr.P. 720. However, this article specifically provides that the state need not inform defendant of its intention to introduce evidence of other crimes constituting part of the res gestae or convictions used for impeachment.
[5] See State v. Sutfield, 354 So.2d 1334 (La. 1978) for a discussion of other permissible uses of other crimes evidence developed in the case law.