KLIEBERT, Judge.
The defendant, David M. Patterson, and Roy R. McFall were indicted by a Jefferson Parish grand jury for the first degree murder of Theresa Diane Power. Patterson pled not guilty, was granted a separate trial from that of his codefendant, and was then tried by a twelve member jury. On January 12, 1984 the jury found Patterson guilty of second degree murder. Thereafter, in accordance with La.R.S. 14:30.1, the defendant was sentenced to a mandatory term of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. It is this conviction and sentence from which the defendant appeals. We affirm.
The evidence at the trial revealed that the victim left her home in Texas on June 30, 1983 for the purpose of traveling to New Orleans, Louisiana to visit her son. Somewhere along the way, the victim picked up the defendant and McFall, who were hitchhiking to Florida. The trio drank beer enroute to the victim’s destination.
The victim exited Interstate Highway 10 to make a phone call. Upon completing the call, she agreed to drive the hitchhikers back to the interstate. As the victim was driving back to the interstate, one of the hitchhikers, later identified as the defendant, pulled out a knife, held it against the victim’s throat and told her he was going to take her car. The victim stopped the car in the roadway and attempted to escape. However, she was prevented from doing so by the defendant who grabbed her arm as she got out of the car. As the defendant held her, McFall then stabbed the victim *813 with a knife eight times. There is some medical evidence indicating the victim may have been stabbed with two different knives. The victim was able to break free and run a short distance from the car before collapsing. The defendant and McFall then placed the victim back in her car.
Within minutes of the stabbing, at approximately 9:30 P.M., Sergeant John Aver-et of the Kenner Police Department observed the victim’s car, a Ford Mustang, as he was traveling on the entrance to the interstate off Williams Boulevard in Me-tairie. Officer Averet stopped his vehicle approximately ten to fifteen feet behind the victim’s car and observed the defendant standing on the driver’s side of the car and McFall standing on the passenger side.
Believing that the vehicle which he observed was disabled, Averet turned on his P.A. system and asked if the vehicle could be moved off to the shoulder of the road. The defendant then sat on the running board on the driver’s side of the Mustang, shaking his head, and McFall sat in the front seat of the car.
, As Averet exited his patrol car and started towards the victim’s car, McFall fled the scene on foot down the interstate highway. Averet then called for a back-up unit on his handset, approached the Mustang and told the defendant to stand up and place his hands on the fender of the car. Averet then observed a white female, later identified as the victim, lying on the front seat of the Mustang and asked the defendant the identity of the person in the vehicle, whereupon, the defendant replied “I don’t know.” Averet then asked the defendant what the female was doing in the vehicle. He replied “She’s dead.” Averet then handcuffed the defendant and advised him of his Miranda rights. The defendant later made self-incriminating statements while in the custody of police officers at the Kenner Police Department.
At the trial, the trial judge ruled that the statements which the defendant made in response to Officer Averet’s questions at the scene and the defendant’s statements made at the Kenner Police Department were admissible into evidence. In his sole assignment of error, the defendant contends the trial court erred in admitting the statements into evidence.
The defendant contends that the statements made by him were not admissible into evidence under the rationale of Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Since the statements, admitted into evidence involve pre-Miranda and post-Miranda statements, we will consider the statements separately.
Miranda warnings are not required in non-custodial, general, on-the-scene interrogations to determine whether a crime has been committed and, if so, by whom. State v. Davis, 448 So.2d 645 (La.1984); State v. Brown, 340 So.2d 1306 (La.1976).
At the time of Officer Averet’s questions at the scene, although he told the defendant to stand up and put his hands on the fender of the car, Averet had not pointed a finger of suspicion at the defendant since he had no reason to believe that any crime had been committed. The questions posed by Averet were still in the investigatory stage. In our opinion, the questions posed to the defendant at the scene did not constitute custodial interrogations so as to require Miranda warnings. The fact that McFall fled the scene may be sufficient to arouse the officer’s suspicion that a crime had been committed, however, upon seeing blood on defendant’s chest, stomach area and pants, the officer could not ignore the possibility that an accident had occurred and that the defendant and the female person he saw in the car were injured as a result of the accident. Officer Averet was justified in questioning the defendant pursuant to his duty to further investigate whether an accident had occurred or a crime had been committed, and if a crime had been committed, by whom. The questions were merely investigatory and not conducted pursuant to a custodial interrogation. At the time, the officer knew of no facts which could have implicated the defendant as the perpetrator of a crime. Our Supreme Court, in State v. Mitchell, 437 So.2d 264 (La.1983) stated:
*814 . Where no finger of suspicion has been pointed at a defendant and where he is not the focus of an investigation of a particular crime, we are unwilling to curtail the ability of the police to investigate potential criminal activity. Such a ruling would require that the police administer Miranda warnings to all persons whom they question as to potential breaches of the law, even where the officers are in the preliminary investigatory process of determining whether any crime has indeed been committed. See State v. White, 399 So.2d 172 (La.1981); cf. State v. Thompson, 399 So.2d 1161 (La.1981); State v. Ordonez, 395 So.2d 778 (La.1981); State v. Green, 390 So.2d 1253 (La.1980); State v. Rogers, 324 So.2d 403 (La.1975).”
While in custody at the Kenner Police Department, the defendant made additional statements which were admitted into evidence. Prior to admitting these statements in evidence, the trial court conducted a hearing outside of the presence of the jury to determine whether the statements were admissible.
The defendant was verbally advised of his constitutional rights and although he refused to sign the advice of rights form, the defendant indicated that he understood his rights and wished to speak to the officers. He then told the officers that they had the wrong man, that he knew who killed the girl and that if it hadn’t been for the officer (Averet) who appeared on the scene, the defendant and McFall would have thrown the girl on the side of the interstate and they would never have been caught.
There is no evidence to show that force or duress was used to extract the statement. An express written waiver of Miranda rights is not necessary to establish the admissibility of statements into evidence. North Carolina v. Butler, 441 U.S. 369, 99 S.Ct. 1755, 60 L.Ed.2d 286 (1979); State v. West, 408 So.2d 1114 (1982); State v. Turnbull, 377 So.2d 72 (La.1979). The evidence shows that the defendant understood his rights and freely and voluntarily waived them when he made the statements while in custody. We therefore find that the defendant implicitly waived his Miranda rights at the time he made the statements while in custody. The question as to whether statements are voluntarily made is a question of fact to be determined by the trial judge under the facts and circumstances surrounding each case and factual determinations of a trial judge are entitled to great weight on appellate review. State v. Jackson, 414 So.2d 310 (La.1982).
We find no error in admitting into evidence the pre-Miranda and post-Miranda statements made by the defendant. Therefore, we affirm the judgment of the trial court.
AFFIRMED.