478 So.2d 583 (1985)
STATE of Louisiana, Appellee,
v.
Charles Edward GREEN, Appellant.
No. 17281-KA.
Court of Appeal of Louisiana, Second Circuit.
October 30, 1985.
*584 James M. Miller, Oak Grove, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, L.B. "Buddy" Loftin, Dist. Atty., John M. Lancaster, Asst. Dist. Atty., Oak Grove, for appellee.
Before MARVIN, FRED W. JONES, Jr., and NORRIS, JJ.
NORRIS, Judge.
Defendant appeals his conviction by jury verdict of armed robbery, contending in two assignments that a mistrial should have been granted because references to another crime were made before the jury by the clerk of the trial court and that his motion to suppress items seized under a search warrant should have been sustained because of an allegedly defective affidavit.
We agree that the clerk of court, however inadvertently, expressly made reference before the jury to another crime with which defendant was charged and that CCrP Art. 770(2) mandates that defendant be tried anew. Accordingly, we reverse and remand for a new trial.

FACTS
Defendant was charged in separate bills of information with the armed robbery of a convenience store in Oak Grove on April 1, 1984 (No. 13,012) and with the armed robbery of a Western Auto Store in Epps on June 18, 1984 (No. 13,011). Defendant was tried and convicted of the convenience store robbery.
After the jury was sworn and impaneled, upon instructions by the court to read the *585 bill of information and defendant's plea to the jury, the Clerk of Court read:
"State of Louisiana versus 13,011, Charles ..." and was immediately interrupted by the prosecuting attorney.[1] After this interruption, the Clerk then read the bill of information that began:
"State of Louisiana versus 13,012, Charles Edward Green ..."
Following the reading of the bill of information, the clerk then read the minute entry relating to defendant's plea:
State of Louisiana versus 13,012 Charles Edward Green, armed robbery... The accused party was brought into open court in the presence of his court appointed attorney, James N. Miller, waived formal arraignment and enter(ed) a plea of not guilty to each of the charge s against him. Both cases fixed for trial on November 19, 1984 ... Preliminary examination was concluded and the court ruled that the state had shown probable cause and the defendant was held over for trial. (emphasis added)
After requesting that the jury be excused, defendant moved for a mistrial on the grounds that the clerk's comments communicated evidence of another crime to the jury. After argument, the court denied a mistrial, commenting that defendant had not shown prejudice by the clerk's comments, that nothing in the clerk's comments had indicated to the jury that the other charge against the defendant was another armed robbery, and that, instead, the jury could have inferred that the other charge was a misdemeanor or traffic charge.
The clerk of court is a court officer. CCrP Art. 131. When a remark or comment is made by a court official within the hearing of the jury that refers directly or indirectly to another crime alleged to have been committed by the defendant, of which evidence is not admissible, the legislature has mandated that a mistrial shall be granted. CCrP Arts. 5, 770(2). An admonition, as in other circumstances, is not sufficient. CCrP Art. 771. Official Comment (a) to LSA-CCrP Art. 770.
The Art. 770 inquiry is not whether the remark or comment by a court official in the presence of the jury is admissible, but whether evidence of the other crime is or would be admissible. State v. Brown, 428 So.2d 438, 442 (La.1983). If evidence of the other crime is admissible as res gestae evidence, the prejudicial effect of the evidence need not be considered. State v. Stucke, 419 So.2d 939 (La.1982). Otherwise, and in the case of State v. Prieur, 277 So.2d 126 (La.1973) (or LRS 15:445, 446)evidence of another crime, the prejudicial effect of the evidence must be balanced against its probative value and against the constitutional guarantees of due process and fair trial by impartial jury. State v. Franklin, 353 So.2d 1315 (La. 1978); Brown, supra.
The legislature, in CCrP Art. 770, has effectively established a conclusive or irrebutable presumption that if evidence of the other crime is not admissible, a remark or comment by a court official referring to another crime is prejudicial and is not subject to the harmless error exception. Brown, supra. See also State v. Ola Smith, 418 So.2d 534 (La.1982). Compare State v. Kelvin Smith, 401 So.2d 1179 (La. 1981).
There is scarcely room for a harmless error argument with regard to other crimes evidence. The basis for the rule, and the mandatory provisions of C.Cr.P. 770(2), is that the effect on a jury of inadmissible other crimes evidence cannot be determined, and that such evidence is per se prejudicial and a substantial violation of a statutory right. State v. Green, 315 So.2d 763 (La.1975). *586 C.Cr.P. 921. State v. Brown, supra, at p. 443.
We find no merit in the State's argument that evidence of the other armed robbery would have been admissible because the State gave pretrial Prieur notice to defendant to use the evidence to show system, knowledge, and identity under LRS 15:445, 446. The state's assistant prosecutor agreed before trial that the state would not use evidence of the other armed robbery, notwithstanding the Prieur notice. The State did not attempt to establish in this record the similarity of the two armed robberies. Under these circumstances, the State cannot "cover" or enervate the effect of the clerk's inadvertent, but statutorily prohibited, comments by arguing, and not proving, that evidence of the other armed robbery was admissible.
Cases such as State v. Cushenberry, 407 So.2d 700 (La.1981), are inapposite because they refer to remarks made by someone other than a court official. Cases such as State v. Alexander, 351 So.2d 505 (La. 1977), are inapposite because the remarks of the prosecutor occurred before trial began and referred to remaining charges and other defendants who were not on trial.
State v. Hatch, 305 So.2d 497 (La.1975), upheld the denial of a mistrial where a prosecutor asked what the victims of these crimes saw, because the previous testimony clearly established that there was only one victim and one crime and the jury could not have inferred under any context that defendant was implicated in another crime. In the instant case, the clerk's comments permit no inference other than this defendant, under No. 13,011, was formally charged with another crime besides the No. 13,012 charge and that he had pleaded not guilty to each crime with which he was formally charged. State v. Eastin, 419 So.2d 933 (La.1982), is likewise inapposite because the jury had heard proper or admissible evidence of at least one other burglary and could have inferred that the prosecutor's remark about "these burglaries" referred to evidence of a crime or crimes properly before the jury.
Defendant also argues in this appeal that a mistrial should have been ordered under CCrP Art. 771(1) because the clerk read that the court had ruled that the State had shown probable cause to hold defendant for trial. See minutes quoted supra. Defendant, however, did not move for mistrial or object in the trial court on any grounds stated in Art. 771, but limited his objection or grounds for mistrial to the other crime comment referred to in Art. 770. Even if we assume arguendo that the clerk's remarks about the court's ruling and finding of probable cause were prejudicial to the defendant, we must find that this alleged error cannot be "availed of" by defendant on appeal. CCrP Art. 841. The objection to prejudicial remarks must be made contemporaneously or it is deemed waived. State v. Anderson, 333 So.2d 919 (La.1976).
Defendant's objection to the Art. 770 comment, however, has been perfected and we are legislatively mandated to reverse and order a new trial.

ASSIGNMENT TWO: MOTION TO SUPPRESS EVIDENCE
On June 20, 1984, police investigators, suspecting defendant to have been involved in both the Oak Grove store robbery and the Epps Western Auto Store robbery, located him at the home of his friend, John Henry Johnson. Investigators asked him to accompany them to the Sheriff's Office. Once there, defendant was read his rights and voluntarily signed a Miranda waiver form. Defendant then voluntarily permitted police investigators to take his picture and obtain fingerprints. He was not placed under arrest at this time.
The photograph was used in a photo lineup and the defendant was positively identified by the victim in each robbery. The defendant was then placed under arrest and charged with both robberies. The police then obtained the first of two search warrants. The initial search warrant was signed at 6:40 p.m. on June 20, 1984, the day of defendant's arrest. The search of *587 defendant's residence and vehicles produced a shotgun, some rifles, and other items.
Investigators later went back to John Henry Johnson's house to ask him about his association with defendant. Mr. Johnson told the officers what he knew about a pistol defendant had hidden in his back yard by the pigpen. The investigators drove to the residence of the judge and obtained a second search warrant at 12:10 a.m. to search the pigpen for the pistol.
The second search produced a pistol that bore the serial number of the pistol that was stolen in the convenience store robbery. The State then filed two separate bills of information charging the defendant with each of the two robberies. Prior to either trial, the state agreed to try only the convenience store robbery (No. 13,012). The Western Auto robbery (No. 13,011) would be tried at a later date.
Defendant filed a motion to suppress the evidence obtained pursuant to both searches. At the suppression hearing, counsel for defendant argued that CCrP Art. 162 had been violated because the affiant had not executed his affidavit before a notary. The trial court denied defendant's motion to suppress. The trial on the merits followed.
On appeal, defendant asserts a different argument than he asserted at the suppression hearing. Defendant now limits his motion to the evidence obtained under the pigpen search and asserts that the affidavit supporting the second warrant failed to establish probable cause.
First, we note that courts of appeal will ordinarily review only those issues submitted to the trial court. Rule 1-3, URCA. See also Richardson v. Stan Weber & Associates, Inc., 400 So.2d 1196 (La.App. 1st Cir.1981). In the interests of justice an appellate court may review issues brought up for the first time on appeal. Keene v. Williams, 412 So.2d 202 (La.App. 3d Cir. 1982), rev'd on other grounds, 422 So.2d 1065 (La.1982). Though we find reversible error in the first assignment, we resolve this second assignment to provide guidance for the court on remand and avoid having this issue arise again on appeal.
We conclude that a stringent, detailed analysis of the affidavit is unnecessary to the resolution of this issue. Instead, this issue is most effectively resolved on the basis of the good faith exception to the exclusionary rule, first announced by the United States Supreme Court in United States v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
In Leon, the U.S. Supreme Court held that the exclusionary rule should not be applied to bar the use of evidence obtained by officers acting in objectively reasonable good-faith reliance on a search warrant issued by a detached and neutral magistrate, but ultimately found to be invalid. This court has adopted and followed the Leon good faith exception. In State v. Wood, 457 So.2d 206 (La.App. 2d Cir.1984), we held:
Suppression of the evidence obtained pursuant to a warrant should only be done in those unusual cases in which exclusion will further purposes of the exclusionary rule, that is, the deterrence of illegal police conduct. 457 So.2d at 209.
Defendant first argues that we do not have to continue to follow Leon. Defendant cites no authority to support his argument. In Woods, supra, we found the good faith exception established in Leon to be well grounded in law and supported by empirical evidence and strong policy considerations. In the absence of any compelling authority to the contrary, we do not abandon the exception.
The defendant next argues that the first and third exceptions of Leon apply to require exclusion of the evidence.[2] Defendant *588 argues that a portion of the investigator's affidavit supporting the second warrant was false. In relevant part the affidavit states:
After searching the above premises and finding several items of clothing, weapons and other articles believed used in the perpetration of two armed robberies in West Carroll Parish, Louisiana, affiant received information from a witness that had personal knowledge that a pistol, shirt and other items of clothing are hidden in the area set forth above. (emphasis supplied)
Defendant argues that the underscored language is and was false and the affiant knew that it was false or at least asserted it in reckless disregard of the truth. Therefore, defendant argues, the judge was misled and the first exception to the good faith rule requires exclusion of the evidence.
We disagree. The affidavit merely states the affiant believed the articles were used in the armed robberies. It does not state the articles were in fact used in the armed robberies. Moreover, a close examination of the record reveals that affiant's belief was reasonable. The first search resulted in the seizure of a number of inculpatory items. Numerous letters and bills were seized with dates that tended to show defendant was in West Carroll Parish at the time the robberies were committed. Further, a shotgun similar to the one used at the convenience store was seized, as well as items of clothing similar to those described by the victims.
Some of these items were later admitted into evidence at trial. Thus, the trial court obviously considered them relevant to prove defendant's commission of the crime. Further, we note that the cashier at the convenience store testified at trial that the shotgun seized in the first search was similar to the shotgun the defendant used in the robbery. She also testified her assailant wore a cap similar to one seized in the first search.
These findings all support a reasonable good faith belief that the items seized in the first search were used in the perpetration of the robberies. If the court and an eyewitness could believe that these items were connected with the robberies, then surely the affiant was reasonable in his belief. Consequently, we cannot conclude that the affiant lied or made the statement in reckless disregard for the truth. We reject defendant's argument that this case falls within the first exception to the good faith rule.
As to the third Leon exception, defendant contends that the affidavit was so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable. This argument is equally without merit.
In State v. Woods, supra, we held that while an affidavit may be insufficient to establish probable cause for issuance of a warrant, that same affidavit can, nonetheless, provide ample indicia of probable cause so as to render official belief in its existence reasonable. Woods, supra at 210.
In determining whether official belief in probable cause is reasonable, the relevant inquiry is whether an officer with a reasonable knowledge of what the law prohibits could have harbored an objectively reasonable belief in the existence of probable cause. Id. In Woods, we further noted that reliance on a "bare bones" affidavit will not meet the objective standard of good faith or unreasonableness. Woods, supra at 209. A "bare bones" affidavit is defined as one with nothing more than bare and wholly conclusionary statements. Id.
*589 While the affidavit in the present case could have been more carefully worded, we find that it contains more than bare and wholly conclusionary statements. In addition to its allegations about the results of the first search, the affidavit contains the statement that, after the search and the discovery of the items, the affiant received information from a witness that a pistol, shirt and other items of clothing were hidden in a particular area and that area was described in painstaking detail. Taken together, these facts amount to more than a mere suspicion that the evidence sought would be there. We find these "facts" sufficient to justify an objectively reasonable belief in the existence of probable cause on the part of the officers.
The officers' good faith in this case is further demonstrated by their obtaining the second warrant when they could have merely returned to defendant's residence and searched again on the basis of the first search warrant. Instead, and after being informed of the exact location of the pistol, the officers drove some 50 miles back to the judge's home in the middle of the night and obtained the second warrant.
We cannot find the affidavit so lacking in indicia of probable cause as to render official belief in probable cause unreasonable. In so finding, we do not mean to imply that we condone the practice of issuing warrants based upon factually weak affidavits. Accordingly, we find the trial court did not err in denying defendant's motion to suppress the evidence.

DECREE
We reverse the ruling of the trial court denying a mistrial, set aside defendant's conviction, and remand for a new trial.
NOTES
[1] While the record does not reflect the clerk's actions in this regard, defendant points out in brief that the clerk had two bills of information in his hand when he began. After reading the wrong bill of information and being corrected by the district attorney, the clerk set one bill of information down on counsel's table and began reading the other bill to the jury. The state does not contest this sequence of events.
[2] Although the preference under Leon is to admit evidence obtained pursuant to a warrant ultimately found to be unsupported by probable cause, the court did establish four exceptions to this preference of admission:

(1) where the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for a reckless disregard for the truth;
(2) where the issuing magistrate wholly abandoned his detached and neutral judicial role;
(3) where the warrant is "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and
(4) where the warrant is so factually deficient that the executing officers cannot presume it to be valid. 457 So.2d at 209.