MARVIN, Chief Judge.
Daniel L. Robinson appeals his conviction of aggravated rape, LRS 14:42, complain *720 ing that the State should not have been allowed to show the victim’s two year old child to the jury over his objection and that the trial court should have granted his motion for mistrial based on that showing.
We find no error and affirm.
In February 1989, 19-year-old Stephanie Lightfoot, who was then four months pregnant, traveling with her two-year-old son from Texas to Florida, stopped in West Monroe for gas and food. Thereafter and while Ms. Lightfoot waited for traffic to clear so that she could continue her drive, Robinson entered her vehicle, put a knife to her throat, and told her to shut up and behave normally. He ordered her to drive, identifying himself as “Dan” and as being just recently released from prison where he served time for murder.
At all times, Robinson held the knife pointed at the victim. Later, Robinson ordered the victim to drive from the interstate highway into an isolated rural area. The victim then stopped the car on Robinson’s command, at which time he took the car keys. Robinson ordered the victim to disrobe, telling her that he would hurt her son if she did not obey. He then forced the victim to engage in sexual intercourse in the car in the child’s presence. His victim noticed that Robinson had a tattoo on his left arm and a prosthetic leg.
Once this rape was completed, Robinson ordered the victim out of the car where he raped her a second time on a blanket obtained from the car and placed on the ground. During the second rape, Robinson tore the victim’s earrings from her earlobes, pulling them with his teeth, and ran the point of his knife from her nose over her body and down to her thigh, telling her that he had not decided what he was going to do with her.
Robinson then ordered the victim to resume driving on the interstate. At the victim’s urging that her child needed to eat and she needed to use a restroom, Robinson allowed her to stop at a fast-food restaurant in Vicksburg, Mississippi. While in the restroom, the victim wrote her vehicle license number on a slip of paper and gave it to a woman, Carla Medina, asking her to telephone the police. Ms. Medina and her boyfriend did so and the police arrived within a few minutes and apprehended Robinson. As the police approached, Robinson told the victim in the presence of Ms. Medina and her boyfriend that he ought to cut her up right there but too many people were around.
Results of an examination of the victim at a Vicksburg hospital showed semen, teeth marks, abrasions, bruises and other evidence of trauma in and on the victim. Semen was also found on the blanket on which the second rape occurred. The victim’s earrings as well as other items belonging to the victim were later found at the scene of the second rape. The knife taken from Robinson when he was arrested, the blanket from the car, and the note the victim wrote and gave to Ms. Medina were identified by one or more witnesses and shown to the jury. The victim identified Robinson as the rapist who threatened to hurt her and her child.
Robinson did not testify, but relies solely on the one assignment of error to reverse his conviction.
THE ASSIGNMENT
During direct examination, the victim testified that Robinson’s threat to hurt her child “scared” her, whereupon the State asked simply that the jury “see him.” The trial court allowed this over Robinson’s objection. Robinson thereafter moved for a mistrial, which was denied.
Robinson contends there was no probative value in showing the child to the jury, and that the jury was prejudiced against him because of the obvious ploy to gain sympathy and inflame the jury against him.
Robinson argues that because the victim had testified about the presence and age of her child, the trial court abused its discretion by allowing the jury to see the child.
The State argues that the presence of the child during the crimes constituted relevant physical evidence and that the court did not abuse its discretion.
*721 Evidence is relevant if it has any tendency to make the existence of any fact of consequence to the determination of the action more or less probable. LCE Art. 401. Evidence that is not relevant is inadmissible. LCE Art. 402. However, even if relevant, evidence may be excluded if the danger of unfair prejudice outweighs its probative value. LCE Art. 403. See State v. Brown, 428 So.2d 438 (La.1983).
The child, like other physical evidence “used” by Robinson in some fashion during the course of the crimes, such as the earrings, the knife, and the blanket, was identified and shown to the jury. The note the victim wrote and gave to Ms. Medina was also identified and shown to the jury.
Before the child was shown to the jury, the victim had testified about the manner in which Robinson “used” the knife and the child to accomplish his crimes. Tacitly, the physical evidence corroborated the victim’s testimony and highly incriminated Robinson. He complains only of the child being shown to the jury and does not attempt to distinguish the child from the other physical evidence, all of which was relevant in our opinion. Under these circumstances, we cannot conclude that the court erred in its rulings.
Even should we assume the trial court ruled erroneously, we must consider whether the error was prejudicial to Robinson. If we are convinced beyond a reasonable doubt that there is no reasonable possibility that the evidence may have contributed to the verdict, the error is deemed harmless and we do not reverse the conviction. CCrP Art. 921; State v. Gibson, 391 So.2d 421 (La.1980); State v. Parker, 530 So.2d 111 (La.App. 2d Cir.1988).
The evidence of Robinson’s guilt was overwhelming. We are convinced beyond a reasonable doubt that no reasonable possibility exists that showing the child to the jury may have contributed to the guilty verdict.
Defendant’s conviction is AFFIRMED.