|1SCHOTT, Chief Judge.
On the application of Avondale Industries, Herschel R. Collins, and Travelers Insurance Company we grant certiorari to review the judgment of the trial court denying relator’s motion in limine to exclude any reference to past arrests of Russell Evans and the circumstances surrounding any arrests.
Plaintiffs were involved in an auto accident on July 27, 1993. Plaintiffs claim Collins struck them from behind. Collins claims that plaintiffs backed into his truck. The sole eyewitness to the accident, Russell Evans, supports Collins’ version. Plaintiffs took Evans’ deposition. Questioned about prior arrests he denied having any. They later secured a copy of an arrest register showing that Evans was arrested on October 1, 1992, in Jefferson Parish for impersonating a police officer and simple battery. In the documents is a report by the arresting officer of a statement given him by the alleged victim to the effect that Evans said to the victim:
“Hey nigger, what are you doing out here?”; to which the victim replied that he could walk anywhere he wanted to; and Evans punched him, pulled out a badge, stated he was a policeman and told him to leave the area stating “that he did not belong here.”
To prove racial bias by Evans who is white against plaintiffs who are black plaintiffs seek to introduce evidence of this prior arrest and thej^circumstances. Generally, “evidence of the arrest, indictment, or prosecution of a witness is not admissible for the purpose of attacking credibility,” but may be admitted if it has relevance independent of the suggestion that the witness is unworthy of belief, as, for example, when independently relevant to show bias. C.E. art. 609(F) and comment (d); and Shepard v. State Farm Mut. Auto. Ins. Co., 545 So.2d 624 (La.App. 4th Cir.1989), writs denied, 550 So.2d 627, 628 (La.1989). In State v. Loyd, 459 So.2d 498, 508 (La.1984) the court stated the rule as follows:
The jurisprudence supports an interpretation of this statute that the bias to be exposed must be personal against the defendant rather than general in nature, and the interest must be particular as to the case. General prejudices or special biases or interests too irrelevant or too remote to the issues of the case on trial have been considered improper as impeachment for this purpose. State v. Bretz, 394 So.2d 245, 252 (La.1981); State v. Lewis, 328 So.2d 75, 79-80 (La.1976); State v. Robinson, 337 So.2d 1168, 1170 (La.1976); State v. Darby, 310 So.2d 547, 549 (La.1975).
In this case, whether Evans called the punching victim a “nigger” is not personal to this case. The alleged bias in this case was in no way related to plaintiffs and allegedly took place almost ten months before the accident sued on. Plaintiffs seek to introduce Evans’ prior arrest record only to show general bias against all black people, therein attempting to prove that Evans is testifying against plaintiffs because they are black. This is exactly what the law of evidence prohibits. Further, introduction of this evidence is doubly egregious because police reports are considered hearsay evidence and *795 not only was no conviction obtained, but there is no evidence that prosecution was instituted.
Plaintiffs in their brief quote a paragraph from State v. Johnson, 322 So.2d 119, 122 (La.1975) as authority to introduce this evidence, but the language is ambiguous and cannot be interpreted as plaintiffs argue in the light of the clear pronouncement by the Supreme Court in Loyd quoted above and |3written nine years after Johnson. Similarly, a quote offered by plaintiffs from State v. Robinson, 337 So.2d 1168, 1169 (La.1976) is followed by a paragraph containing the language quoted above from Loyd which was taken verbatim from Robinson at page 1170. Thus, the two Supreme Court cases cited by plaintiffs as authority for admitting this evidence provide no support for this position whatsoever.
Plaintiffs also cite State v. Combs, 600 So.2d 751 (La.App. 2nd Cir.1992), writ denied 604 So.2d 973 (La.1992), for the proposition that even though Evans’ bias is not personal against them the evidence must be admitted. In Combs, defendant was charged and convicted of simple arson of a lounge owned by a black man. Defendant made a gratuitous comment to a police officer that he was a member of the KKK and that he would not let black people take what belonged to him. The court admitted this statement into evidence because the statement indicated motive: “Here ... defendant did not particularize his remarks by naming his black victim individually. Nevertheless, when coupled with later evidence of the pre-fire altercation between Combs and the club owner, and' testimony by Woodall, the statement clearly served to enhance the jury’s understanding of how and why the crime transpired.” Combs at 755.
In Combs, although the statement did not particularly name the victim, the evidence showed that defendant and the victim had a prior altercation where the victim ordered defendant off the premises permanently, this caused defendant to harbor a personal grudge against the victim, and defendant had previously threatened to have the KKK burn down the victim’s business. In this case, Evans’ alleged remark was in no way directed or in any way tangentially related to plaintiffs. It involved another person in a totally unrelated event. Plaintiffs do not allege that they knew Evans prior to this pevent and that Evans had a personal grudge against them.
Combs is not only distinguishable but is simply in no way applicable. The evidence of the statement in Combs was held admissible under C.E. arts. 401 and 403 as relevant evidence. In Combs, the statement admitted at trial was a statement made at the time of arrest. The statement was in no way related to a prior, unrelated arrest but was related to the very crime for which defendant was being tried. The issue of introducing evidence of a prior arrest was never at issue. Thus, Combs has no application to this case.
Similar to this case is State v. Bretz, 394 So.2d 245 (La.1981) cert. denied 454 U.S. 820, 102 S.Ct. 102, 70 L.Ed.2d 91 (1981). In Bretz, the defendant, a police officer, tried to question the victim about whether he had a previous confrontation with the police in order to establish that the victim had a particular bias against the police. The court refused to allow the question into evidence because testimony had established that defendant and the victim did not know each other prior to the incident. Even during the course of the incident, defendant claimed that he had identified himself as a police officer and attempted to arrest the victim. Plaintiff claimed defendant did not identify himself as an officer. Nonetheless, the court found that it was impossible for defendant to show that the victim had a personal bias against him but such testimony could only show a general bias against police.
There is no indication that plaintiffs and Evans were in any way acquainted prior to the accident which he witnessed. Even if Evans does have a general bias against black people as evidenced by the alleged statement, it is impossible for plaintiffs to show that Evans had a personal bias against them.
Although plaintiffs may not introduce evidence of these racist statements attributed to Evans, they may introduce evidence of his arrest standing alone provided they lay the proper foundation. This is so *796 because, according toRplaintiffs, when Evans was asked whether he was ever arrested he denied it under oath. Proof that he did so would serve to impeach his testimony at trial. However, just as C.E. art. 609(A) makes evidence of a conviction admissible for the purpose of attacking the credibility of a witness but excludes evidence of the details of the crime, evidence of the details of Evans arrest must be excluded.
Accordingly, the judgment of the trial court is reversed in part and affirmed only to the extent that evidence of Evans’ previous arrest may be admitted with out any details and without the statements allegedly made at the time of his arrest provided that plaintiffs lay the proper foundation for its introduction.

REVERSED IN PART.

LANDRIEU, J., concurs in the result.
JONES, J., dissents in part with reasons.