457 So.2d 206 (1984)
STATE of Louisiana, Appellee,
v.
Robert Lee WOOD and Patricia Wood, Appellants.
No. 16610-KW.
Court of Appeal of Louisiana, Second Circuit.
September 26, 1984.
*207 John S. Stephens, Coushatta, for appellants.
William J. Guste, Jr., Atty. Gen., Baton Rouge, William R. Jones, Dist. Atty., Coushatta, for appellee.
Before HALL, FRED W. JONES, Jr. and SEXTON, JJ.
HALL, Judge.
After defendants' motion to suppress evidence seized at their home under an allegedly invalid search warrant was denied, the defendants were tried and convicted of possession of marijuana (LSA-R.S. 40:966). Defendants applied for a writ of review, urging as error the trial court's denial of the motion to suppress. Perceiving that the affidavit upon which the search warrant was based was insufficient to establish probable cause and that the exclusionary rule required suppression of the seized evidence, we granted the writ of review. Upon review, we find the search warrant to be invalid, but applying the "good faith" exception to the exclusionary rule recently established in United States v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), hold that the seized evidence is admissible and that the denial of the motion to suppress is correct.
Defendants urge that the search warrant was invalid because of deficiencies in the affidavit on which it was based, particularly in that the affidavit failed to set forth a time when two confidential informants allegedly saw marijuana and/or other contraband at the defendants' residence. It is urged that the exclusionary rule requires suppression of the evidence seized.
The state argues that the affidavit was sufficient, considering the totality of the circumstances. Alternatively, the state argues that even if the search warrant was invalid, the evidence seized is admissible under the Leon "good faith" exception to the exclusionary rule.
A deputy sheriff obtained a search warrant from a judge authorizing the search of defendants' trailer home for narcotics, marijuana, drug paraphernalia, and a chain saw. The deputy, with other officers, searched the home and found a small bag containing a small quantity of marijuana on top of a refrigerator. The other items listed in the warrant were not found on the premises.
*208 Validity of the Search Warrant
The affidavit states that the affiant has good reason to believe that located in a certain house trailer owned by defendant and a nearby tin barn are "various narcotics, marijuana and other drug paraphernalia, and also a 5200 Poulan chain saw with a bow bar." The affidavit further states that affiant believes said property to be so located because: "I received information from two (2) confidential informants that the above listed items have been seen at the above location. These two (2) informants have found to be very reliable in past investigations."
The essential facts for establishing probable cause to issue a search warrant must be contained in the affidavit. LSA-C. Cr.P. Art. 162; State v. Daniel, 373 So.2d 149 (La.1979); State v. Koncir, 367 So.2d 365 (La.1979); State v. Westfall, 446 So.2d 1292 (La.App.2d Cir.1984).
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court enunciated a "totality of the circumstances" analysis in determining whether an affidavit in support of a search warrant based on hearsay established probable cause for the warrant to issue. The Louisiana Supreme Court has followed Illinois v. Gates in State v. Lingle, 436 So.2d 456 (La.1983) and State v. Brooks, 452 So.2d 149 (La.1984). See also State v. Westfall, supra.
Illinois v. Gates expressed the analysis as follows:
"* * * The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis for ... conclud[ing]' that probable cause existed."
In State v. Westfall, we held:
"Even under the `totality of the circumstances' standard `sufficient information must be presented to the magistrate to allow that official to determine probable cause, and his action cannot be a mere ratification of the bare conclusion of others.' Illinois v. Gates, supra....
"While we realize when an affidavit is based on hearsay that under Gates it may well not be necessary to set forth underlying circumstances and details sufficient to provide a substantial factual basis by which the magistrate might find both the informant and the information given by him reliable, it follows with reason that an affidavit based on hearsay must at least come from a credible source or the information from an unknown or untested source must be shown by sufficient facts and underlying circumstances to be probably reliable."
In the instant case, the affidavit is insufficient in several respects and does not afford a "substantial basis" or "sufficient information" to establish probable cause.
First, the affidavit does not state that the confidential informants themselves saw the listed items in the premises to be searched. It states only that the informants gave information that the items "were seen" without stating who saw them. The affidavit does not disclose personal knowledge on the part of the informants or the basis of their knowledge. See State v. Paciera, 290 So.2d 681 (La.1974).
Second, the affidavit does not state when the items were seen or when the information was given by the informants to the affiant. An affidavit which fails to make any reference to the time when the offense took place and which is phrased in the past tense does not provide a magistrate with sufficient facts to determine that probable cause to search exists at the time the warrant issues. State v. Loehr, 355 So.2d 925 (La.1978); State v. Thompson, 354 So.2d 513 (La.1978). Compare State v. Ogden, 391 So.2d 434 (La.1980).
*209 Third, the statement that the informants have been "found to be very reliable in past investigations" falls short of providing specific facts sufficient to determine the reliability of the informant. See State v. Koncir, supra.
Fourth, the affidavit provides no facts to connect the chain saw to any criminal activity whatsoever.
Considering the totality of the circumstances set forth in the affidavit, it afforded insufficient information for the issuing judge or magistrate to make a commonsense decision that there is a fair probability that the contraband or other evidence of a crime would be found at the described premises. The warrant should not have been issued and is invalid.
Applicability of the Exclusionary Rule
Prior to Leon, the judicially created exclusionary rule required that evidence seized under an invalid search warrant be excluded from admission into evidence in the trial of a criminal prosecution. In Leon, the United States Supreme Court established a "good faith" exception to the exclusionary rule. The exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in an objectively reasonable good-faith reliance on a search warrant issued by a detached and neutral magistrate but ultimately found to be invalid.
According to Leon, suppression of evidence obtained pursuant to a warrant should be ordered only on a case-by-case basis and only in those unusual cases in which exclusion will further the purposes of the exclusionary rule, that is, the deterrence of illegal police conduct.
The court in Leon made it clear, however, that exclusion is not "always inappropriate in cases where an officer has obtained a warrant and abided by its terms." Although "a warrant issued by a magistrate normally suffices to establish that a law enforcement officer has acted in good faith in conducting the search", nevertheless, "the officer's reliance on the magistrate's probable cause determination and on the technical sufficiency of the warrant he issues must be objectively reasonable... and it is clear that in some circumstances the officer will have no reasonable grounds for believing that the warrant has properly issued."
The court enumerated four exceptions to the "good faith" exception, or instances in which suppression "remains an appropriate remedy": (1) if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for this reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; (3) where the warrant is "based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable"; and (4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.
Only the third exception noted above is arguably applicable to the instant case so as to require application of the exclusionary rule. Some light is shed on the meaning of this exception by other statements in the Leon opinion. The court noted that suppression is appropriate only if the officers "could not have harbored an objectively reasonable belief in the existence of probable cause." The objective standard of reasonableness adopted "requires officers to have a reasonable knowledge of what the law prohibits." It is necessary to consider the objective reasonableness of not only the officers who executed the warrant but also of the officers who originally obtained it or who provided information material to the probable cause determination. By two references to "bare bones" affidavits, the court makes it clear that reliance by officers on a warrant based on a "bare bones" affidavit furnished by the officers will not meet the objective standard of good faith or reasonableness.
*210 As to what constitutes a "bare bones" affidavit, in Illinois v. Gates, supra, the court used that term is describing the affidavits involved in Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933) and Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) which amounted to bare and wholly conclusionary statements of the affiants. In Nathanson the statement of the affiant was that "he has cause to suspect and does believe that" liquor illegally brought into the county is located on certain premises. In Aguilar, the statement was that "affiants have received reliable information from a credible person and believe" that heroin is stored in a home.
The affidavit in the present case is almost in the "bare bones" category, but not quite. It could be construed as stating that the contraband was seen on the premises to be searched by the confidential informants. It contains some information about the reliability of the confidential informants, stating that they were found to be very reliable in past investigations. The affidavit does more than state a bare conclusion of the affiant. While not passing constitutional muster as establishing probable cause, the affidavit is not so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable, nor can it be said that an officer with a reasonable knowledge of what the law prohibits could not have harbored an objectively reasonable belief in the existence of probable cause.
Although the judge should not have issued the search warrant on the basis of the insufficient affidavit, the reliance of the law enforcement officer on the warrant issued by the judge was objectively reasonable and in good faith. Accordingly, under the Leon exception to the exclusionary rule, the evidence seized by the officer executing the warrant was admissible.
The Leon decision establishes an exception to the exclusionary rule judicially created as a deterrent to police violations of the Fourth Amendment to the United States Constitution. Art. 1, § 5 of the Louisiana Constitution is not a duplicate of the Fourth Amendment or merely coextensive with it, and in some respects may afford a higher standard of individual liberty than that afforded by the jurisprudence interpreting the federal constitution. State v. Hernandez, 410 So.2d 1381 (La.1982); State v. Abram, 353 So.2d 1019 (La.1978); State v. Hutchinson, 349 So.2d 1252 (La. 1977): State v. Overton, 337 So.2d 1201 (La.1976). Decisions of the United States Supreme Court, although given careful consideration, do not necessarily control or dictate decisions by Louisiana courts construing the Louisiana Constitution, nor replace the exercise of independent judgment by the Louisiana courts so long as the state decisions do not infringe on federal constitutional rights.
Although the last sentence of Art. 1, § 5 of the 1974 Louisiana Constitution provides that "any person adversely affected by a search or seizure conducted in violation of this Section shall have standing to raise its illegality in the appropriate court", the Section does not mention the exclusionary rule and does not require its unlimited application as a remedy for violation of the rights established by that Section. The exclusionary rule was originally applied in Louisiana to state prosecutions because it was required by the decision of the United States Supreme Court in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). See, for example, State v. Calascione, 243 La. 993, 149 So.2d 417 (1963); State v. Williams, 250 La. 64, 193 So.2d 787 (1967). There is no good reason why this state should not now apply the exception to or limitation of the exclusionary rule established by the United States Supreme Court in Leon. The decision is well grounded in law and supported by empirical facts and strong policy considerations. It advances the legitimate interests of the criminal justice system without sacrificing the individual rights guaranteed by the constitution. Exercising the independent judgment of this Louisiana court, we adopt the Leon exception to the exclusionary rule as applicable to cases arising *211 under Art. 1, § 5 of the Louisiana Constitution, for the sound reasons set forth in the majority opinion of the United States Supreme Court.
In the Leon case, the United States Supreme Court enunciated the new exception to the exclusionary rule and applied it in upholding the convictions of the defendants even though at the time of trial the exclusionary rule would have required suppression of the evidence needed to convict. The instant case is in the same posture, and we reach the same result.
Decree
Accordingly, the denial of the defendants' motion to suppress is correct. The defendants' convictions are affirmed.
Affirmed.
SEXTON, J., concurs without written reasons.