STOKER, Judge.
The defendant pled guilty to a charge of possession of marijuana, second offense, and was sentenced to prison for one year at hard labor. He assigns two errors on appeal:
1. His guilty plea of an earlier misdemeanor charge was entered without a showing that he knowingly and voluntarily waived his rights; therefore, the earlier conviction was used illegally to enhance the current charge.
2. The trial court erred in denying his motion to suppress evidence obtained under an allegedly invalid search warrant.
FACTS
Lester Jay, an employee of the International Salt Company at Avery Island, received an anonymous letter alleging that two other employees had been “pushing marijuana and cocaine for a long time in the mine.” Joseph Saddler, a driller in the salt mine, was one of the accused employees. The letter was forwarded to the Iberia Parish Sheriff’s Office on October 29,1984. Officer Bill Bonin contacted the Sheriff’s Office in Vermilion Parish, where Saddler lived. He was told that Saddler had been arrested previously on drug charges, and was believed to be “active” in selling drugs. Bonin swore out an affidavit and obtained a warrant on November 9, 1984, to search the persons and the cars of the two employees. He executed the warrant that day, which was payday at the mine. According to the letter, payday was a time *1156 of heightened drug traffic. Saddler voluntarily surrendered some marijuana; more was found concealed in his socks.
Saddler was charged with possession of marijuana, second offense, under LSA-R.S. 40:966 D (2). He filed a motion to quash the bill of information, contending that the predicate for the second offender charge was not properly founded. He also filed a motion to suppress the evidence obtained in the search, alleging that the warrant was invalid. The trial judge denied the motion to suppress the evidence. Saddler then entered a guilty plea, conditioned on his right to appeal the ruling on the motion. The judge sentenced Saddler to one year at hard labor.
MOTION TO QUASH
Saddler’s motion to quash was never ruled upon. Although he entered a guilty plea after filing the motion, he urges us to consider his contention as an error patent, which we are authorized to review under LSA-C.Cr.P. art. 920.
The United States Supreme Court has mandated that before accepting a guilty plea from a criminal defendant, the trial court must ensure that the defendant is aware that he is waiving certain constitutional rights, namely: (1) the privilege against self-incrimination, (2) the right to trial by jury, and (3) the right to confront his accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The Louisiana Supreme Court has adopted the Boykin rule, and has extended it to misdemeanor guilty pleas which may be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony. State v. Jones, 404 So.2d 1192 (La.1981). However, the Jones requirement was given only prospective effect. As clarified in State v. Moore, 416 So.2d 1298, 1299 (La.1982):
“[2,3] It is the date of entry of the guilty plea in the predicate offense which usually determines the applicability of the Jones requirements. The requirements of Jones are clearly applicable when the guilty plea in the predicate offense was entered after September 24, 1981 (the date of finality of Jones). On the other hand, the requirements of Jones are usually inapplicable when the guilty plea in the predicate offense was entered on or before September 24, 1981, the only exception being when the ‘case’ involving the currently charged offense had been filed and was pending in this court on September 10, 1981 when Jones was rendered.”
Joseph Saddler pled guilty to an earlier charge of simple possession of marijuana on April 15, 1981. That conviction served as the predicate offense for charging Saddler as a second offender. By its own terms, and as interpreted in Moore, Jones does not require a showing of “boykinization” where a guilty plea was entered before September 24, 1981. Even if this requirement had applied to Saddler’s prior conviction, the following passage from the minutes of April 15, 1981 show that the trial judge conducted the proper colloquy:
“The Court questioned the Accused as to the voluntary nature of his plea. The Court informed the Accused of his privilege against self-incrimination; his right to confront his accusers and his right to trial by jury or judge alone; his right to compulsory process and a right to an appeal. The Accused informed the Court that he was not forced to enter a guilty plea nor was he promised any favors for doing so. All of these rights were waived by the Accused intelligently and to the satisfaction of the Court and the Court being convinced that the Accused understood the nature of the charge, the consequences of his entering a guilty plea and the waiver of his rights as aforesaid.”
This assignment is without merit.
MOTION TO SUPPRESS
Saddler conditioned his guilty plea upon his right to appeal the trial court’s denial of his motion to suppress, as provided in State v. Crosby, 338 So.2d 584 (La.1976).
*1157 Saddler contends that the search warrant was issued without probable cause, and any evidence obtained under it must be excluded. Although the United States Supreme Court created a “good faith exception” to the exclusionary rule under the United States Constitution in U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), Saddler argues that Louisiana provides broader rights to defendants and should not recognize the Leon exception.
Article I, Section 5 of the Louisiana Constitution states that warrants to search and seize shall only be issued where there exists probable cause supported by an oath or affirmation. LSA-C.Cr.P. art. 162 provides that a search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing cause for issuance of the warrant. Probable cause exists when the facts and circumstances within the affiant’s knowledge, and of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that an offense has been committed and that evidence or contraband may be found at the place to be searched. State v. Morris, 444 So.2d 1200 (La.1984); State v. Lewis, 442 So.2d 1159 (La.App.3d Cir.1983), writ denied, 444 So.2d 1214 (La. 1984). In Lewis, this court said:
“[7] In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court abandoned the “excessively technical” two-pronged test of Aguilar-Spinelli in favor of the ‘totality of the circumstances’ approach. Nevertheless, the Supreme Court indicated that the veracity, reliability and basis of knowledge of the informants continues to be highly relevant in determining probable cause.”
In the present case, the author of the anonymous letter was never identified. The informant’s reliability was unproved. As Bonin admitted at trial, the letter could have been based on second- or third-hand information. The informant’s purported motive of employee safety is insufficient basis for finding of probable cause for the issuance of a warrant in this case.
The State argues, and the trial court agreed, that even if the warrant was not supported by probable cause, evidence obtained under it will not be excluded if it falls within the “good faith exception” to the exclusionary rule, created in U.S. v. Leon, 468 So.2d 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Saddler counters that Leon interprets the United States Constitution alone, and contends that the Louisiana Constitution provides greater protection against searches and seizures.
Two Louisiana circuits have already recognized the applicability of Leon to cases arising under the Louisiana Constitution. See State v. Green, 478 So.2d 583 (La. App.2d Cir.1985); State v. Shannon, 472 So.2d 286 (La.App. 1st Cir.1985), writ denied, 476 So.2d 349 (La.1985); State v. Wood, 457 So.2d 206 (La.App.2d Cir.1984).
We find no need to decide whether the Leon exception is available in Louisiana criminal cases, because it would not save the evidence in this case from exclusion. In State v. Wood, supra, the court summarized Leon as follows:
“The court enumerated four exceptions to the “good faith” exception, or instances in which suppression ‘remains an appropriate remedy’: (1) if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for this reckless disregard of the truth; (2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; (3) where the warrant is ‘based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable’; and (4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid.”
We feel that the affidavit upon which the warrant was based lacked a sufficient showing of probable cause, and falls under *1158 exception (3) above. In State v. Wood, supra, the court stated that the reasonableness of the affidavit must be tested by an objective standard, considering both the officers who provide the information and those who execute the warrant. In this case, Officer Bonin performed both functions. He should have known that he lacked probable cause when he sought the warrant, and it was not reasonable for him to rely on the warrant once he obtained it.
CONCLUSION
We reverse the ruling on the motion to suppress, and remand this case to the trial court for proceedings consistent with the opinions expressed above.
REVERSED AND REMANDED.