SEXTON, Judge.
This defendant appeals after a Crosby plea to cultivation of marijuana. As his sole contention he asserts that the affidavit supporting the search warrant for his home where the incriminating evidence was found was constitutionally defective. Specifically, the defendant contends that there was no information in the affidavit from which the issuing magistrate could determine the timeliness of the incriminating information which the confidential informant submitted to the affiant officer, citing Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, (1964).
The affidavit in question states as follows:
Have received information from a confidential reliable informant that C.I. has seen marijuana and cocaine in the above described residence on several occasions in the past. C.I. has seen David A. Morgan sell marijuana and cocaine on num-berous (sic) occasions from his residence and automobile. Morgan told C.I. on or about 4/3/84 that he would have some *756 party drugs the weekend of April 6, 1981
C.I. has been known by affiant for approx. two (2) years and has been faithful on furnishing information to affiant on drug dealers. Information from this C.I. in the past is considered to be accurate, due to the fact that there have been approximately three (3) individuals arrested on drug charges. All have been convicted. There has also been drugs found that were described in affidavit from infromation (sic) received from C.I. C.I. has been around marijuana and many other type drugs for several years and knows what they look like. Informant has never provided information which proved to be incorrect. C.I. said that marij. plants are being grown in this residence.
Further details as to the specific cases involved would tend to disclose informant’s identity. The identity of this informant should be kept confidential because if disclosed would impair C.I.’s future usefulness to law enforcement and endanger C.I.’s life.
[Emphasis ours]
We find no defect in the warrant under the two-prong reliability standard of Aguilar v. Texas, supra, and Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). The affidavit clearly discloses sufficient information to show the previous reliability of the informant. Also the affidavit clearly shows that the informant obtained this information from visual observation and conversation with the defendant. Moreover, the timeliness standards are satisfied by the phrase which indicates that the seminal information was told to the informant “on or about 4/3/84.”
Additionally, as we explained at some length in State v. Camp, 459 So.2d 53 (La.App. 2d Cir.1984), writ denied 462 So.2d 212 (La.1985), the two-pronged Aguilar/Spinelli test was abrogated by Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). That case substituted a “totality of the circumstances” approach for use in gauging the validity of an affidavit supporting a search warrant.
We further note parenthetically that if an affidavit is made in good faith and has been judged by a detached and neutral magistrate, suppression may be obtained only when, under the circumstances of the case, suppression will further the purposes of the exclusionary rule. U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984); State v. Wood, 457 So.2d 206 (La.App. 2d Cir.1984).
In other words, the standards by which a search warrant affidavit should be guaged have become significantly less stringent. The document at issue, however, passes even the old stringent standard.
The assignment lacks merit and the defendant’s conviction is affirmed.
AFFIRMED.