508 So.2d 597 (1987)
STATE of Louisiana, Appellee,
v.
Gary Dewayne SLAID, Appellant.
No. 18522-KA.
Court of Appeal of Louisiana, Second Circuit.
June 10, 1987.
*598 Herman L. Lawson, Mansfield, for appellant.
William J. Guste, Jr., Atty. Gen., Don Burkett, Dist. Atty., James E. Calhoun, Asst. Dist. Atty., Mansfield, for appellee.
Before HALL, FRED W. JONES, Jr. and LINDSAY, JJ.
FRED W. JONES, Jr., Judge.
The defendant Slaid was charged with possession of marijuana with intent to distribute [R.S. 40:966 (A)]. Following adverse rulings on a motion to suppress and a motion to disclose informants, defendant withdrew his not guilty plea and pled guilty as charged, reserving the right to contest on appeal the prior rulings.
After considering a presentence report, the trial judge sentenced defendant to prison for seven years. Defendant appealed, reserving six assignments of error which addressed the following three issues:
(1) Validity of search warrant.
(2) Motion to compel identity of confidential informants.
(3) Sentencing.

FACTUAL CONTEXT
On October 24, 1985, Lt. Davidson of the DeSoto Parish Sheriff's Office executed an affidavit to search the following places for marijuana and other described drugs and items:
"1) Slaid's Liquor Store 84 West of Mansfield.
2) White over blue flatbed Ford truck owned by Gary Slaid.
3) Late model Chrysler automobile owned by Gary and Connie Slaid.

*599 4) All automobiles, individuals, outbuildings on premises at residence. A beige frame residence with small front porch as you turn east off of the Converse Hwy. at the Prine's Country Store travel approximately 7/10 of a mile residence is located on the north or left side of black top road. All the above is located in DeSoto Parish, Louisiana."
Based upon the following information:
"I received information from a confidential reliable informant that 15 to 30 pounds of marijuana will be found at the above described residence and/or automobile. C.R.I. has been known by affiant for approximately 18 months and has always been truthful in furnishing information on drug dealers to affiant. C.R.I. has seen Gary Slaid with several pounds of marijuana approximately 15 days ago (first week in October) but was unable to locate affiant. C.R.I. has given information to affiant on several drug dealers in DeSoto Parish that affiant had previous intelligence information about drug involvement from a reliable source.
Gary Slaid told C.R.I. that he would be back in DeSoto Parish on the 23rd of October with 15 to 30 pounds of marijuana for sale for $950.00 per pound.
DeSoto Parish narcotic intelligence division has received several anonymous calls about Gary Slaid selling marijuana out of Slaid Liquor Store on 84 West out of Mansfield. DPSO also received a call from a reliable informant whose reliability has been proven by furnishing information to affiant that has lead [sic] to several drug arrests that C.R.I. has seen Slaid sell marijuana at his liquor store on several occasions in the past 30 days.
I received a call from a confidential reliable informant from out of the state of Louisiana that C.R.I. had talked to Gary Slaid within the last 24 hours and Slaid told C.R.I. that he had a good supply of marijuana and was going back to Louisiana to sell it. This C.R.I. had given information to affiant in the past that has resulted in three felony drug arrests. C.R.I. has seen Gary Slaid with several pounds of marijuana on at least three occasions in the last three months."
Defendant's residence was placed under surveillance on October 24, 1985. Shortly after defendant returned home, several vehicles, including a van, approached the premises. One individual was seen carrying a large paper sack to his automobile.
Later that evening, Deputy Davidson and other deputies of the DeSoto Parish Sheriff's Office obtained and executed the search warrant. Deputies seized three large green garbage bags from the kitchen and a storage area near the kitchen. These bags contained a large amount of marijuana residue. Another empty bag containing marijuana residue was found in a garbage can. Thirteen one-half pound bags of marijuana, street value $16,800, were found in a dog house at defendant's residence. The deputies also seized $644 in cash.
VALIDITY OF SEARCH WARRANT
Defendant contends that there was no probable cause to believe that marijuana would be found at his residence and therefore the search warrant should not have been issued. Defendant argues that since the search warrant was improperly issued, all evidence seized as a result of the search warrant should be held inadmissible.
No warrant shall issue without probable cause supported by oath or affirmation. La. Const. Art. 1, § 5 (1974). A search warrant may issue only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant. La.C. Cr.P. Art. 162. Essential facts for establishing probable cause to issue a search warrant must be contained in the affidavit. State v. Wood, 457 So.2d 206 (La.App. 2 Cir.1984); State v. Westfall, 446 So.2d 1292 (La.App. 2 Cir.1984).
In Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the United States Supreme Court enunciated a "totality of the circumstances" analysis in determining whether an affidavit based on hearsay established probable cause for a search warrant to issue. The Court stated:

*600 "The task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the `veracity' and `basis of knowledge' of persons supplying hearsay information there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a `substantial basis for ... conclud[ing]' that probable cause existed."
Also see State v. Wood, supra.
The affiant stated that one informant, whom he had known for approximately 18 months and had always been truthful in furnishing information on drug dealers, indicated that 15-30 pounds of marijuana could be found at defendant's residence or in his automobile. This informant had seen defendant with several pounds of marijuana on or about October 10, 1985. At that time, defendant allegedly told the informant that he would be back in DeSoto Parish on October 23, 1985 with 15-30 pounds of marijuana for sale at $950 per pound.
The affiant also stated that the DeSoto Parish Narcotic Intelligence Division had received several anonymous calls concerning defendant selling marijuana out of his liquor store on Highway 84 West out of Mansfield.
In addition, the affiant stated that another informant, whose reliability had been proved by furnishing information that had led to several drug arrests, indicated he had seen defendant sell marijuana at the liquor store on several occasions in late September and early October 1985.
The affiant stated that he had received a call from an out-of-state informant who had talked to defendant on October 23, 1985. Defendant had told the informant that he had a good supply of marijuana and was going back to Louisiana to sell it. He had also seen defendant with several pounds of marijuana on at least three occasions in August, September, and October, 1985. This informant had given information in the past that resulted in three felony drug arrests.
The reliability of these three informants was established because each had provided truthful information in the past. Information provided by two of these informants had led to several drug arrests.
Even though these informants never saw the particular contraband seized from defendant's residence, each had seen defendant with large quantities of marijuana. One informant had witnessed defendant sell marijuana on several occasions.
Defendant had only been observed selling marijuana from his place of business, but defendant had allegedly just spoken to one informant and stated that he had a good supply of marijuana and was going back to Louisiana to sell it. It is entirely possible that defendant would have to store at least some of the marijuana at his residence. See State v. Mena, 399 So.2d 149 (La.1981); State v. Baker, 389 So.2d 1289 (La.1980); State v. Durand, 461 So.2d 1090 (La.App. 4 Cir.1984); State v. St. Hill, 433 So.2d 395 (La.App. 4 Cir.1983); and State v. Dillon, 419 So.2d 46 (La.App. 4 Cir.1982). It is also possible that some of the contraband would still be in defendant's vehicle.
Considering the totality of the circumstances set forth in the affidavit, it afforded sufficient information for the issuing judge to make a common-sense decision that there was a fair probability that marijuana would be found at defendant's residence.
However, even if this search warrant was invalid because of deficiencies in the affidavit, the evidence seized was admissible under the "good faith" exception to the exclusionary rule established in U.S. v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). As we explained this exception in State v. Wood, supra:
"The exclusionary rule should not be applied so as to bar the use in the prosecution's case-in-chief of evidence obtained by officers acting in an objectively reasonable good-faith reliance on a search warrant issued by a detached and neutral *601 magistrate but ultimately found to be invalid."
"The court enumerated four exceptions to the `good faith' exception, or instances in which suppression `remains an appropriate remedy': 1) if the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for this reckless disregard of the truth; 2) where the issuing magistrate wholly abandoned his detached and neutral judicial role; 3) where the warrant is `based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable'; and 4) where the warrant is so facially deficient, i.e., fails to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid."
There was no showing in this case of the existence of any of these exceptions to the "good faith" exception. Consequently, the seized evidence was admissible.
This assignment is without merit.

IDENTITY OF CONFIDENTIAL INFORMANTS
Defendant contends that he was entitled to know the identity of the informants since he denied talking to anyone concerning the marijuana.
The informer privilege is that of withholding the identity of an informant who supplies information to law enforcement officials concerning crime. It is founded upon public policy and seeks to advance the public interest in effective law enforcement. State v. Oliver, 430 So.2d 650 (La. 1983); State v. Humphries, 463 So.2d 804 (La.App. 2 Cir.1985).
A confidential informant's identity will be divulged only under exceptional circumstances. The burden is upon the defendant to demonstrate exceptional circumstances and much discretion is vested in the trial judge on the question of whether the circumstances warrant disclosure. Oliver, supra.
The fact that an informer supplies information used by the police to obtain a search warrant is not in itself an exceptional circumstance justifying disclosure of an informant's identity. State v. Bailey, 452 So.2d 756 (La.App. 2 Cir.1984). The defendant did not meet his burden of demonstrating exceptional circumstances. The trial judge was correct in not ordering disclosure of the informants' identity in this case.
The paramount public interest recognizes the need to protect and promote a reliable informer system. If the issuance of search warrants based upon information supplied by informers is to continue, the state must not be compelled to produce its informer to refute unsupported allegations of falsification by affiants in support of search warrants at every hearing on a motion to suppress. State v. Cox, 330 So.2d 284 (La. 1976). This assignment of error is without merit.

SENTENCING
Defendant contends that the trial court erred in sentencing him to seven years imprisonment. Defendant argues that the trial court failed to consider the evidence and testimony presented at the sentencing hearing, failed to properly apply the sentencing guidelines set forth in La.C. Cr.P. Art. 894.1, and failed to state for the record the considerations taken into account and the factual basis for the imposition of sentence.
Defendant is 32 years of age, is married, the father of two children, and is presently employed as a welder. He spent three months in the Marine Corps, but was discharged because he was unable to adapt to military life. Defendant has no juvenile or adult criminal record.
In reasons for sentencing, the trial judge stated that even though defendant was technically a first offender, he was actually an experienced criminal who finally got caught. Defendant admitted he had made several "marijuana runs" to Shreveport for which he was paid $1000 per trip. He felt *602 this was not enough money so he decided to start selling marijuana on his own.
The trial judge reviewed Article 894.1 in determining an appropriate sentence for defendant. He stated that imposition of a lesser sentence would deprecate the seriousness of the offense. Defendant was described as in need of correctional treatment which could only be effectively provided in a custodial environment.
In addition, the trial judge considered the eleven sub-parts of paragraph "B" in Article 894.1 to determine if a suspended sentence or probation would be appropriate in this case. He stated defendant did not contemplate that his criminal conduct would cause or threaten serious harm.
Defendant did not act under strong provocation. His sole reason for selling marijuana was money. This does not mitigate in favor of a suspended or probated sentence. Defendant had been engaged in hauling marijuana for sometime prior to his arrest. He was apprehended with 13 one-half pound bags of marijuana and $644 in cash.
The trial judge adequately complied with Article 894.1. Furthermore, under the circumstances we do not find the sentence to be excessive.
These assignments are without merit.

DECREE
For the foregoing reasons, defendant's conviction and sentence are affirmed.