I,KIRBY, Judge.
On July 22, 1999, the defendant, John Gereighty, was charged with one count of possession with the intent to distribute marijuana, a charge to which he subsequently pled not guilty. His motion to suppress the evidence, heard on February I, 2000, was granted on February 16th. The State now comes before this court seeking relief from this ruling, and has supplemented its application with the search warrant affidavit.
The evidence in this case was seized pursuant to a search warrant. The affidavit for the warrant stated that late on the morning of March 2, 1999, Officer Bush received a tip from an anonymous citizen concerning sales of marijuana from 8014 Panola Street. The informant stated that a white male, approximately twenty-eight years old and named “John Gerrity” was selling marijuana from the bottom left door of that building. The informant indicated he/she had witnessed several drug sales from that address within twenty-four hours of calling the officer, and the informant also stated that “Gerrity” had been selling drugs for many years.
During the early evening hours of that same date, Officer Bush set up a surveillance of 8014 Panola. Shortly after beginning the surveillance, Officer Bush saw a pickup truck park near the address. A man got out of the truck, went to the | ^bottom left hand door of the building, and knocked on the iron bars on the door. Another white male, who matched the description given by the informant, came to the door and briefly conversed with the visitor. The visitor gave the occupant an undetermined amount of money, and the occupant went back inside the residence. A few minutes later, the occupant returned and handed the visitor a small plastic bag. The visitor pocketed the bag and left in his truck, while the occupant remained inside and shut the door.
Shortly thereafter, another unknown man drove up in a car, parked, and walked to the lower left hand door at 8014 Panola. The man knocked on the iron bars on the door, and the same occupant answered the door. Again, the occupant engaged in a brief conversation with the visitor, and again the visitor handed the occupant some money. The occupant retreated into the residence and returned soon thereafter with a small plastic bag, which he showed to the visitor. The visitor took the bag, examined it, and then placed it in his pocket. The visitor got back in his car and *470 drove from the scene, while the occupant went back into the residence.
Approximately twenty-five minutes later, a third unknown man walked up to the same door and knocked on the iron bars. Again, the same occupant answered the knock and spoke briefly with the visitor. The occupant then handed the visitor a small plastic bag. The visitor examined the bag and then gave the occupant some money. The visitor and the occupant then left, going in separate directions.
Based upon these facts, the officer obtained a search warrant for 8014 Panola Street. He and other officers executed the warrant at approximately midnight, forcing entry into the residence when no one answered their knock. Upon entering, they became enveloped in a thick haze of marijuana smoke. In the second room of the residence, they encountered a small group of people, including the defendant John Gereighty, sitting on a sofa. On a table in front of the sofa were 13drug paraphernalia, a plastic bag with green vegetable matter, and several partially smoked marijuana cigarettes. The officers secured the people and searched the residence. They found three large bags of vegetable matter in the kitchen, along with two buckets containing more bags of vegetable matter. They also found a loaded handgun under the sofa and over $860 under a sofa cushion, and a bag of marijuana buds and another loaded handgun on a bookshelf. In the front room, the officers found a loaded assault rifle in a cedar chest, as well as $2,000. The officers also found two other handguns under a mattress. They also recovered documents indicating Gereighty lived in the residence.
The officer -who conducted the surveillance testified he was .the only person involved in the surveillance, and for this reason there was no other officer available to follow and stop the buyers involved in the three transactions he observed at the residence.
At the motion hearing, the defense argued that the search warrant was improperly issued because there was insufficient evidence to support a finding of probable cause that there was contraband inside the residence. In State v. Page, 95-2401, p. 12 (La.App. 4 Cir. 8/21/96), 680 So.2d 700, 709-710, writ denied, 96-2352 (La.2/21/97), 688 So.2d 522, this court noted the standard for determining probable cause to support the issuance of a search warrant:
Louisiana Code of Criminal Procedure Article 162 provides that a search warrant may be issued “only upon probable cause established to the satisfaction of the judge, by the affidavit of a credible person, reciting facts establishing the cause for the issuance of the warrant.” In State v. Duncan, 420 So.2d 1105, 1108 (La.1982) our Supreme Court held that probable cause exists when:
the facts and circumstances within the affiant’s knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place |4to be searched, (citations omitted) See also, State v. Roebuck, 530 So.2d 1242 (La.App. 4th Cir. 1988), writ den. 531 So.2d 764 (La.1988).
The facts which form the basis for probable cause to issue a search warrant must be contained “within the four corners” of the affidavit. Duncan, supra at 1108. A magistrate must be given enough information to make an independent judgment that probable cause exists for the issuance of the warrant. State v. Manso, 449 So.2d 480, 482 (La.1984), cert. denied, Manso v. Louisiana, 469 U.S. 835, 105 S.Ct. 129, 83 L.Ed.2d 70 (1984). The reviewing Court must determine whether the “totality of circumstances” set forth in the affidavit is sufficient to allow the magistrate to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him that there is a reasonable probability that contraband will be found. The duty of the reviewing court is simply to ensure that the magistrate had a “substantial basis” for concluding that probable cause existed. Manso, supra at 482.
*471 See also State v. Hoffpauir, 99-0128 (La.App. 4 Cir. 4/7/99), 731 So.2d 1026; State v. Bradford, 98-1428 (La.App. 4 Cir. 12/9/98), 729 So.2d 1049.
Here, the officer received a tip from an anonymous citizen that the defendant was selling marijuana from his residence. The tip described the door from which the marijuana was sold and also described the seller. The basis of the informant’s tip was his/her observation of drug sales within twenty-four hours of the tip. The officer conducted a surveillance of the residence during which he observed three suspected drug transactions involving the exchange of money for small plastic bags. In the first two instances, the defendant disappeared into the interior of the residence and came back with the plastic bag he exchanged for the money, and in the third instance he had the plastic bag in his possession when he answered the door to the residence. Given these circumstances, it was more probable than not that the residence contained contraband. Thus, there was sufficient probable cause for the issuance of the warrant.
|sThe State argues that the case cited by the defense, State v. Saddler, 490 So.2d 1155 (La.App. 3 Cir.1986), is not applicable to this case, and a reading of that case shows it is easily distinguishable. In Saddler, the officers obtained a warrant based solely upon an anonymous letter claiming the defendant was distributing drugs in a salt mine. There was no corroboration of the information in the letter. By contrast, here the information contained in the anonymous tip was corroborated by the surveillance during which the officer observed three suspected drug transactions.
The circumstances of this case are much closer to those of State v. Martin, 97-2904 (La.App. 4 Cir. 2/24/99), 730 So.2d 1029, writ denied, 99-0874 (La.10/1/99), 747 So.2d 1136. There, the officers received a call concerning drug activity from a certain address. The tip included a detailed description of the person selling the drugs and indicated the informant had seen ongoing selling activity from the residence. The officers set up a surveillance and observed several people entering and quickly leaving the residence, and in one instance the visitor was seen pulling money out of. her pocket prior to entering. This court found these circumstances were sufficient to support the issuance of the search warrant for the residence.
Here, as in Martin, the tip was relatively detailed, and the information contained in the tip was corroborated by the surveillance during which the officer observed three suspected drug transactions, all involving the exchange of money for small plastic bags the defendant obtained from inside the residence. Given these circumstances, there was probable cause to believe the residence contained contraband. The warrant was properly issued, and the trial 'court erred by suppressing the evidence.
Accordingly, the State’s writ application is granted and the ruling of the trial court is reversed. This case is remanded to the trial court for further proceedings.
|/WRIT GRANTED; TRIAL COURT RULING REVERSED; CASE REMANDED.