hPLOTKIN, Judge.
The first issue in this appeal is whether the trial court erred in denying the defendant’s motion to suppress the evidence. The second issue is whether the trial court erred in denying defendant’s motion in limine to prohibit introduction of the scale and currency.

PROCEDURAL HISTORY

Defendant, Dwight W. Powell, was charged by bill of information with possession of between 28 and 200 grams of cocaine in violation of La. R.S. 40:967(F)(l)(a). Defendant pled not guilty at arraignment. Following a hearing, the trial court found probable cause existed and denied defendant’s motion to suppress the evidence. Defendant filed a motion in limine, to exclude evidence, which the court denied. Trial commenced and the jury found the defendant guilty of the lesser included offense of simple possession of cocaine. On September 20, 2000, defendant filed a motion for new trial, which was denied, and the state filed a multiple offender bill of information, alleging defendant to be a second felony offender. Defendant admitted the allegations of the bill, and after defendant waived all legal delays, the court sentenced defendant to three years at hard labor.

USTATEMENT OF FACTS

On May 25, 1999, at 5:15 p.m. Detective Keating established surveillance of the residence based on information from a reliable confidential informant. At 5:85 p.m., Keating observed an unknown female approach the residence and meet with the defendant. The unknown female handed the defendant an unknown amount of U.S. currency, and he retreated into the residence leaving the visitor outside. Upon returning, defendant handed the woman an unknown object which she briefly examined before placing it in her mouth. Within the next hour, Detective Keating observed two more apparent transactions at the front of the suspect residence.
On May 26, 1999, Detective Jeff Keating applied for and served a search warrant at 7816 Hickory Street in New Orleans. Keating knocked on defendant’s front door and said “Police, open the door.” Det. Keating testified that he decided to use a battering ram when he heard footsteps towards the rear of the residence. The officers 'executed the search warrant at defendant’s residence at 4:15 p.m. Powell, who was in the kitchen area, was presented with the search warrant. With the aid of a drug detection dog, the officers located a bag containing twenty-eight individually wrapped pieces of crack cocaine in a kitchen cabinet. In an unlocked laundry room, adjacent to the rear of the house, officers recovered a bag found to contain 42.9 grams of cocaine in a light fixture. When seized, the drugs formed one large piece of cocaine. The police also recovered a metal gram scale on top of a kitchen cabinet as well as $718 in U.S. currency that was in defendant’s pocket.
Defendant’s wife, Deonne Powell, testified that she had given the defendant approximately three hundred dollars to pay some bills and that he earned approximately four hundred dollars a week doing renovation work. Mrs. Powell also stated that the day before her husband was arrested she observed four | ¡¿ndividuals “hanging out at the corner,” and when a police car passed, they broke and ran. She stated that she observed two of the men run through her backyard. She admitted that she didn’t see them hold anything while in her yard and she didn’t see them throw anything down.

ERRORS PATENT

A review of the record for errors patent reveals none.

*805
ASSIGNMENT OF ERROR NUMBER 1

Defendant contends the trial court erred in denying the motion to suppress evidence. Specifically, defendant argues that the search warrant was founded on facts which fail to support probable cause that contraband would be found at defendant’s residence.
The application for a search warrant and the testimony at the hearing reflect that Detective Keating received information from a reliable confidential informant that 7816 Hickory Street was being used as a retail outlet for the distribution of crack cocaine. Detective Keating testified that the informant had provided information in the past which led to either the arrest or prosecution of people involved in narcotics trafficking.
Defendant claims that the police failed to stop the alleged customers to confirm that they had actually purchased cocaine. Powell alleges that there was not a proper showing of the basis of the informant’s knowledge. The defendant contends that these factors leads to a conclusion that the warrant was not predicated on probable cause to search.
La.C.Cr.P. article 162 provides that a search warrant may be issued “only upon probable cause established to the satisfaction of the judge, by the affidavit of Ua credible person, reciting facts establishing the cause for the issuance of the warrant.” The Louisiana Supreme Court has held that probable cause exists when the facts and circumstances within the affiant’s knowledge, and those of which he has reasonably trustworthy information, are sufficient to support a reasonable belief that evidence or contraband may be found at the place to be searched. State v. Duncan, 420 So.2d 1105 (La.1982). The facts which form the basis for probable cause to issue a search warrant must be contained “within the four corners” of the affidavit. Id. A magistrate must be given enough information to make an independent judgment that probable cause exists for the issuance of the warrant. State v. Manso, 449 So.2d 480 (La.1984). The determination of probable cause involves probabilities of human behavior as understood by persons trained in law enforcement. State v. Hernandez, 513 So.2d 312 (La.App. 4 Cir.1987).
In its review of a magistrate’s finding of probable cause, the reviewing court must determine whether the “totality of circumstances” set forth in the affidavit is sufficient to allow the magistrate to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the “veracity” and “basis of knowledge” of persons supplying hearsay information, there is a reasonable probability that contraband will be found in a particular place. The duty of a reviewing court is simply to ensure that the magistrate had a “substantial basis for ... concluding] that probable cause existed.” Illinois v. Gates, 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527 (1983).
In State v. Gereighty, 2000-0830 (La.App. 4 Cir. 8/10/00), 775 So.2d 468, this Court reviewed the determination of probable cause on similar facts as follows:
| sHere, the officer received a tip from an anonymous citizen that the defendant was selling marijuana from his residence. The tip described the door from which the marijuana was sold and also described the seller. The basis of the informant’s tip was his/her observation of drug sales within twenty-four hours of the tip. The officer conducted a surveillance of the residence during which he observed three suspected drug transactions involving the exchange of money for small plastic bags. In the first two *806 instances, the defendant disappeared into the interior of the residence and came back with the plastic bag he exchanged for the money, and in the third instance he had the plastic bag in his possession when he answered the door to the residence. Given these circumstances, it was more probable than not that the residence contained contraband. Thus, there was sufficient probable cause for the issuance of the warrant.
Of similar import is State v. Martin, 97-2904 (La.App. 4 Cir. 2/24/99), 730 So.2d 1029, where,
[T]he officers received a call concerning drug activity from a certain address. The tip included a detailed description of the person selling the drugs and indicated the informant had seen ongoing selling activity from the residence. The officers set up a surveillance and observed several people entering and quickly leaving the residence, and in one instance the visitor was seen pulling money out of her pocket prior to entering. This court found these circumstances were sufficient to support the issuance of the search warrant for the residence.
State v. Gereighty, 2000-0830, at p. 4, 775 So.2d at 470 (citing State v. Martin.)
In State v. Julian, 00-1239 (La.App. 4 Cir. 3/14/01), 785 So.2d 872, an ATF agent had received specific complaints of narcotics activity on the ATF “guns hotline” at a specific residence. During the course of surveillance, the agent observed the defendant exit the residence in question and engage a man standing outside who was holding U.S. currency in his hand. The agent saw the defendant take an object out of a film canister and give it to the man. The unidentified man then gave the defendant U.S. currency. The defendant was then arrested and in a | ^search incident to arrest six rocks of cocaine were recovered. This Court determined that the officers had probable cause to arrest the defendant.
Unlike the circumstances of either Gereighty or Julian, where the information was provided on an anonymous basis, in the instant case the informant had provided reliable information in the past. Furthermore, after observing three apparent drug transactions within the course of an hour the police were able to corroborate the informant’s information. In light of these circumstances, there was probable cause to believe that the residence contained contraband.

ASSIGNMENT OF ERROR NUMBER 2

Defendant contends the trial court committed error in denying his motion in limine to preclude the prosecution from introducing the $718 in U.S. currency recovered from the defendant and the metal scale recovered in the kitchen. The motion alleged and counsel argued that these items were not relevant to establishing that the defendant possessed between 28 and 200 grams of cocaine.
La. C.E. art. 402 prohibits the introduction of evidence that is not relevant. Relevant evidence is defined in La. C.E. art. 401 as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.” La. C.E. art. 403 provides that even evidence that is relevant should be excluded if its probative value is outweighed by its potential for prejudice, confusion of the issues, or is misleading.
The elements of the charged offense are that: (1) Powell knowingly or intentionally possessed cocaine; and (2) the amount of cocaine possessed was between 28 and 200 grams. La. R.S. *807 40:967(F)(1)(a). Possession of illegal drugs Lean be in the form of actual possession, if the contraband is found on the defendant’s person, or constructive possession, if the circumstances show that the contraband is subject to the defendant’s dominion and control. State v. Trahan, 425 So.2d 1222 (La.1983); State v. Jackson, 557 So.2d 1034 (La.App. 4th Cir.1990).
In denying the motion in limine the trial court stated:
The Court believes that the items which were seized along with the cocaine, there is jurisprudentially a rule that the items seized would be admissible. The Court would also note that the motion in limine citing the Code of Evidence article dealing with relevant evidence. The Court, upon further reflection of that, the Court believes that the State’s burden in this case today is not just simply to prove an intent to possess cocaine, but the State does have the burden of proving intent to possess a large amount of cocaine, that is between twenty and two hundred grams. The Court believes that the money, U.S. currency, and the scale could tend to make the existence of that intent more probable which is the test that the Code of Evidence sets out. That being, the evidence would have a tendency to make the existence of any fact that is of consequence to the determination of the action more probable. The Court does believe that the State does have the added burden of not just showing intent to possess some cocaine, but intent to possess a large amount, and these items would be relevant also.
Defendant contends that neither the scale nor U.S. currency related to conduct forming an integral part of the charged offense. Defendant concedes that these items would be relevant if he were charged with possession with intent to distribute. Although defendant urges reversal of the conviction, he fails to make any case that he was prejudiced by the introduction of the scale or currency. In order to reverse a conviction on the basis of a trial error it must be shown not only that the error occurred but also that it was not harmless beyond a reasonable doubt. Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). Implicit in such an inquiry is the notion that the error prejudiced the defendant by denying him a fair trial in some way. By failing to present an argument that the alleged error was | sharmful in the first place, defendant does not present anything for this Court to review.
Had defendant alleged that he was prejudiced by the introduction of the scale and U.S. currency as other crimes evidence, the assignment would nevertheless lack merit, as the evidence was admissible on the basis that it was integral to the state’s case and therefore admissible under the res gestae doctrine. See also La. C.E. art. 404(B). The Louisiana Supreme Court has long approved of the introduction of other crimes evidence, “when it is related and intertwined with the charged offense to such an extent that the state could not have accurately presented its case without reference to it,” State v. Brewington, 601 So.2d 656, 657 (La.1992), or “to complete the story of the crime on trial by proving its immediate context of happenings near in time and place.” State v. Haarala, 398 So.2d 1093, 1098 (La.1981). “The test of integral act evidence is therefore not simply whether the state might somehow structure its case to avoid any mention of the uncharged act or conduct but whether doing so would deprive its case of narrative momentum and cohesiveness, ‘with power not only to support conclusions but to sustain the willingness of jurors to draw the inferences, *808 whatever they may be, necessary to reach an honest verdict.’ ” State v. Colomb, 98-2813, p. 4, (La.10/1/99), 747 So.2d 1074, 1076 (citing Old Chief v. United States, 519 U.S. 172, 186, 117 S.Ct. 644, 653, 136 L.Ed.2d 574 (1997).)
In the instant case, the police received information from a reliable confidential informant that the defendant’s residence was being used as a retail outlet for the distribution of crack cocaine. While conducting surveillance of the residence, the officer’s observed three apparent drug transactions take place. The fact that a scale and a large amount of U.S. currency were recovered in the 1 residence is consistent with both the amount of crack cocaine discovered and the information which established probable cause to believe that the residence contained contraband and was therefore probative. Further, it does not appear that the evidence was of such a prejudicial nature as to outweigh its probative value.
Among the factors considered in determining whether the defendant exercised dominion and control so as to constitute constructive possession is any evidence that the particular area was frequented by drug users. State v. Chambers, 563 So.2d 579, 581 (La.App. 4th Cir.1990); State v. Trahan. A scale, while more consistent with the distribution of drugs than drug use, nevertheless is a factor which the jury could have considered in determining defendant’s possession of the drugs. Therefore, the scale constituted relevant evidence.

CONCLUSION

For the foregoing reasons, we find that the trial court did not err in admitting the evidence and in denying the motion in limine.
Therefore, the defendant’s conviction and sentence are affirmed.
AFFIRMED.